Lewis v. The Burlington Ins. Co.

1. **Evidence**: DAMAGE TO HOUSE BY TORNADO: NON-EXPERT. Where a farmer testified what in his opinion it would cost to repair his house, which had been damaged by a tornado, but on his cross-examination he stated that he was no mechanic, could not tell how badly the house was damaged, nor how much repairing would be necessary, *held* that his estimate should have been excluded on motion.

2. **Insurance**: FORFEITURE: PREMIUM NOTE UNPAID: COPY OF NOTE NOT ATTACHED TO POLICY. Where a past due premium note was set up to defeat a policy of insurance, *held* that it could not have that effect, since a copy of it was not attached to the policy, as required by statute.

*Appeal from Mitchell Circuit Court.*

MONDAY, MARCH 7.

ACTION upon a policy of insurance. There was a trial to the court, without a jury, and judgment was rendered for the plaintiff. The defendant appeals.

*F. F. Coffin* and *L. M. Ryce*, for appellant.

*W. L. Eaton* and *J. H. Sweeney*, for appellee.

ADAMS, CH. J.—This action was brought to recover on an alleged contract of insurance against tornadoes. It seems to be conceded that, on the fourteenth day of June, 1885, the plaintiff had such contract of insurance in the defendant company, whereby he was insured against loss by tordadoes upon his dwelling-house, barn and cattle; and the undisputed evidence shows that on that day a tornado occurred, and that the property insured was considerably injured.

VOL. LXXI—7

I.    The plaintiff was introduced as a witness in his own behalf, and was allowed to testify, against the objection of the defendants, that in his opinion it would take between $300 and $400 to put the house in as good condition as it was before the injury.    The evidence shows that the house had not been greatly moved, but had been wrenched by the wind, and the plastering had been cracked, and that some of the walls had been thrown a little out of a perpendicular line.    On cross-examination the witness testified in these words:    " I can't tell how bad the house is damaged.    I am not mechanic enough to tell that. Don't know how many days it would take a man to repair the house, nor the amount of repairing that would be necessary.    I have never done any such job.    I don't know anything about it."    After this statement, upon cross-examination of the witness, and some other statements showing his ignorance of the cost of repairing the house, the defendant moved to strike out his testimony respecting the amount of damage to the house, but its motion was overruled.    We are not prepared to say that a farmer might not be allowed to testify in respect to the value of an ordinary farm house. While his opinion would not be as good as that of a carpenter, it would not, perhaps, be entirely unreliable.    But the cost of repairing a house which had been wrenched by a tornado is manifestly not as easily estimated.    If, as the witness testified, he did not know anything about it, we think that his estimate should have been excluded; and this appears especially so, as the only mechanic called estimated the damage at only about one-half what the plaintiff did.

*1. EVIDENCE: damage to house by tornado: non-expert.*

II.    The policy provided, in substance, that it should be void if any premium note should be overdue and unpaid at the time of the loss.    The defendant pleaded that, at the time of the loss, one note given for the premium was overdue and unpaid.    The note claimed to be overdue and unpaid was executed upon the day of the date of the policy, and was for

forty-nine dollars and eighty cents. The plaintiff, however, claimed that this note was not given for the premium on the policy in question, but for the premium upon another policy, in which the plaintiff was insured upon the same property against loss by fire and lightning. Upon this point we have to say that the policies are so drawn that the question is not free from difficulty. But we do not need to determine it. The appellee insists that the appellant is not entitled to take advantage of the plaintiff's default, if he made one, because a copy of the note, as provided by statute, was not attached to the policy sued on. In our opinion, the appellee's position must be sustained.

III. The plaintiff in his application stated that the incumbrances upon the property amounted to $2,500. The amount standing apparently against the property, as shown by judgment records, was largely in excess of that amount. Some evidence, however, was introduced in respect to payments made upon the judgments. While there is no especial conflict in this evidence, much of it is vague and unsatisfactory. The defendant's counsel claim that the proven payments would not reduce the amount of the judgments below $4,000, while the plaintiff's counsel claim that the proven payments would reduce the amount below $2,500. We are not prepared to say that all the evidence relied upon by the plaintiff could be considered; but as there must be another trial, it seems probable that the plaintiff will come much better prepared to prove his payments than he was before, and that no question in regard to the incumbrances will again be presented to this court.

For the error pointed out, the judgment must be

REVERSED.