[These cases, because of the pendency of petitions for rehearing, did not reach me in time to be published in their chronological order. — REPORTER.]

## SUPPLEMENT.

JANE JOHNSON, Appellant, v. THE NEW YORK LIFE INSUR-
ANCE COMPANY.

**Place of Insurance Contract:** A life policy issued in another state by a company incorporated therein is a contract of such state, where 1 the application for the policy provides that it be construed by the laws thereof.

**Forfeiture:** WAIVER OF NOTICE. A law which declares that no policy shall be forfeited for non-payment of premium unless the 2 insurer serves prescribed notices, has no application, where insured, after default in payment of premium, accepts a policy 3 entitling him to paid-up insurance for a limited period — because failure to serve notice of forfeiture for non-payment of premium 4 cannot prejudice one who holds a paid-up policy, to say nothing of the fact that no occasion for serving or right to serve such notice existed. And this is so though the original policy would have remained in force as long as the paid-up one issued, had the original been declared forfeited on notice.

REINSTATEMENT. Under a certificate converting insured's policy into a paid-up policy for a given term of years, and entitling him to 5 have his original policy reinstated within six months after default in payment of premium, he is not entitled to such reinstatement after the expiration of the six months.

*Appeal from Pottawattamie District Court.*—HON.
W. R. GREEN, Judge.

SATURDAY, APRIL 8, 1899.

ACTION to recover upon a policy of life insurance. There was a trial to jury. At the close of the plaintiff's

case, under direction of the court, a verdict was returned in defendant's favor. From the judgment rendered thereon, plaintiff prosecutes this appeal.—*Affirmed.*

*John P. Breen* for appellant.

*James H. McIntosh* for appellee.

WATERMAN, J.—There is but little controversy between the parties as to the facts; none as to the following matters: On December 27, 1890, the defendant company issued to one Frank C. Johnson its policy of insurance on his life for the sum of twenty-five thousand dollars. This policy was assigned to plaintiff in the year 1895, and on September 28, 1896, Johnson died. The annual premium provided for in the contract was one thousand and sixty dollars, and it was payable in advance on the 11th day of November in each year. The policy contains the usual provisions for forfeiture in case the premiums are not paid when due. Johnson paid the premium due on November 11, 1892, and thereafter made no payments. After Johnson's death, and on the 20th day of February, 1897, plaintiff tendered to defendant the amount of the past-due premiums, with interest to that date, which it declined to accept. Thereafter this action was brought. The defendant company was duly incorporated under the laws of the state of New York, and the policy was issued in that state, and by the terms of the application the contract was to be construed by the laws thereof. It was therefore a New York contract. *Wayman v. Southard*, 10 Wheat. 48; *Bank v. Hume*, 128 U. S. 195 (9 Sup. Ct. Rep. 41).

II.    Plaintiff claims that the policy in suit was not forfeited by the failure of the assured to pay the premiums which became due after November 11, 1892, and before Johnson's death, for the reason that at and prior to the time of the issuance of such policy there was in force in the State of New York a statute (Laws 1877,

c. 321, section 1) which provided: "No life insurance company doing business in the state of New York shall have power to declare forfeited or lapsed any policy hereafter issued or renewed by reason of non-payment of any annual premium or interest or any portion thereof except as hereafter provided." We shall not set out the law in terms. It is enough to say that after default, in order to declare a forfeiture, it requires the company to mail a written or printed notice to the assured, at his last known postoffice, stating the amount due, and the place where, and the person to whom, it is payable, and, further, that, if the amount due is not paid within thirty days after mailing the notice, "the policy and all payments thereon will become forfeited and void. In case the payments demanded by such notice shall be made within thirty days limited therefor, the same shall be taken to be in full compliance with the requirements of the policy, in respect to the payment of said premium or interest, anything therein contained to the contrary notwithstanding. But no such policy shall in any case be forfeited or lapsed until the expiration of thirty days after the mailing of such notice. Provided, however, that a notice stating when the premium will fall due, and, if not paid, the policy and all payments thereon will become forfeited and void, served in the manner herein provided, at least thirty and not more than sixty days prior to the day when the premium is payable, shall have the same effect as the notice hereinbefore provided for." In *Baxter v. Insurance Co.,* 119 N. Y. 454 (23 N. E. Rep. 1049), the court, in speaking of this statute and its effect upon a policy of life insurance issued under it, said, "This statute was a part of the contract in question, and governed the rights and liabilities of the parties in precisely the same way and to the same extent as if all its terms and conditions had been actually incorporated into the policy." In that case the defendant was claiming a forfeiture of the policy for nonpayment of the premium when due. It was not shown

that the notice required by law had been given.   The court continues as follows: "There was no proof given at the trial by either party to show whether this notice (the one required by statute) had been served or not.   It is obvious that this statute, when imported into the contract, modified its conditions in very material respects.   The duration and validity of the policy are not then dependent upon payment of the premium on the day named therein, but upon the payment within thirty days after the notice had been given.   *   *   * The statute prescribes this notice as a necessary condition of forfeiture, and, unless it was served, the assured was not in default, because payment within thirty days after notice is to be taken as a full compliance with the conditions as to payment of premium.   *   *   *   Before defendant could raise any question in regard to the nonpayment of the August premium, it was necessary to show that it had complied with the statute by serving the notice, as this step was essential in order to put the assured in default, or to raise any point based on his omission to pay the last quarterly premium."   See also *De Frece v. Insurance Co.,* 136 N. Y. 151 (32 N. E. Rep. 556) ; *Phelan v. Insurance Co.,* 113 N. Y. 147 (20 N. E. Rep. 827).   In *Griffith v. Insurance Co.,* 101 Cal. 627 (36 Pac. Rep. 113), the same statute is considered, and the interpretation given it by the courts of New York is adopted.   We do not understand that the general principles announced in these cases are disputed by appellee.   Its contention is that they have no application to the contract here involved, because the policy sued upon was, at the request of the assured, converted into a paid up policy for a fixed term, which term expired before the assured died.   Several further defenses are urged, but the conclusion we reach on the one just stated renders it unnecessary that we consider the others.

In order to present intelligibly the points made by the parties, and particularly by appellant, it may be well to say something further as to the statutes of New York on the

subject of life insurance, and with relation to some other terms of the policy in suit. There was in force in that state, when this contract was made, a statute which we shall style the "net-reserve law," giving to holders of life insurance policies, which had been in force three full years, the benefit of the net reserve on their lapsed or forfeited policies, by extending the life of the policy beyond the time of the default, in this way: The reserve on such policies, "computed according to the American Experience Table of Mortality, at the rate of four and one-half per cent. per annum, shall on demand made, with surrender of the policy within six months after such lapse or forfeiture, be taken as a single premium of life insurance at the published rates of the corporation at the time the policy was issued, and shall be applied, as shall have been agreed in the application or policy, either to continue the insurance of the policy in force at the full amount so long as such single premium will purchase temporary insurance for the amount, at the age of the insured at the time of the lapse or forfeiture, or to purchase upon the same life at the same age paid up insurance. * * *" Laws 1879, chapter 347, section 1; Laws 1892, chapter 690, section 88. By the terms of the statute these provisions could be waived by a proper indorsement on the policy. Such an indorsement was made on the policy in suit, in these words: "Notice. In consideration of the stipulations in case of lapse specified in the policy, the provisions of chapter 347 of the Laws of 1879 of the State of New York have been waived in the application for this policy." According to the terms of the original policy in suit, in case of lapse or forfeiture thereof after the payment of three full premiums, the assured was entitled to a paid-up policy, the amount of which was to be estimated upon a certain basis, as therein stated.

III. We now come to the change made in the contract by which, as appellee claims, it was converted into a nonforfeitable, paid-up policy for a certain fixed term. On

December 10, 1892, Johnson, in writing, requested defendant to extend to his policy "the benefits of its accumulation policy." In response to this, the company issued and delivered to him a policy or certificate, the material part of which, so far as concerns the issues here, is in these words:

"New York Life Insurance Company.
"346 Broadway, New York.

"This certifies that in compliance with the request of the legal holders of policy No. 385,048, issued on the life of Frank C. Johnson, the benefits of the accumulation policy plan of the New York Life Insurance Company are hereby extended to said policy, as stated on the next page. It is understood and agreed that, except as herein expressly modified, the terms of said policy No. 385,048 remain unchanged. * * * This policy is not subject to any conditions or restrictions as to travel, residence, occupation, or manner of death. After this policy shall have been in force three full years, in case of nonpayment of any premium subsequently due, and upon the payment within thirty days thereafter of any indebtedness to the company on account of this policy: (1) The insurance will be extended for the face amount, as provided in the table below; or (2) on demand made within six months after such nonpayment of premium dues with surrender of this policy, paid-up insurance will be issued for the reduced amount provided in said table; or (3) the policy will be reinstated within the said six months upon payment of the overdue premium, with interest at the rate of five per cent. per annum, if the insured is shown to the company to be in good health, by a letter from a physician in good standing.

"Table of Guaranties if Payment of Premiums is Discontinued.
"Provided There is No Indebtedness against the Policy.
"(Pursuant to the Insurance Law [chapter 690, Laws of 1892] of the State of New York.)

| If the Premiums are Paid | (1) The Insurance of $25,000 will be Extended | or (2) The Policy may be Converted into Paid-Up Insurance |
|---|---|---|
| To Nov. 11, 1893 | To May 11, 1896 | of $ 1,825 |
| "    "    " 1894 | " Jan.   " 1899 | "     3 045 |
| "    "    " 1895 | " Aug.  " 1901 | "     4.225 |
| "    "    " 1896 | " do.    " 1903 | "     5,250 |
| "    "    " 1897 | " do.    " 1905 | "     6,175 |
| "    "    " 1898 | " May   " 1907 | "     7,125 |
| "    "    " 1899 | " Feb'y " 1909 | "     8,075 |
| "    "    " 1900 | " Aug.  " 1910 | "     9,000 |
| "    "    " 1901 | " Jan.   " 1912 | "     9,750 |
| "    "    " 1902 | " May   " 1913 | "   10,500 |
| "    "    " 1903 | " June  " 1914 | "   11,175 |
| "    "    " 1904 | " July   " 1915 | "   11,825 |
| "    "    " 1905 | " July   " 1916 | "   12,400 |
| "    "    " 1906 | " June  " 1917 | "   12,900 |
| "    "    " 1907 | " Mch.  " 1918 | "   13,250 |
| "    "    " 1908 | " Nov.  " 1918 | "   13,700 |
| "    "    " 1909 | " July   " 1919 | "   14,025 |

"Policies continued in force beyond the accumulation period will be entitled, in case of nonpayment of any premium subsequently due, to extended insurance, or reduced paid-up insurance, on the same basis as that on which the above table is constructed."

What was the effect of this new contract? If it converted Johnson's policy into a contract for paid-up term insurance, then no notice was necessary. The notice is for the benefit of the assured. It would avail him nothing; when no act of his would enable him to continue the policy in force. The language of the statute is plain enough on this point. Notice is required only as a basis for declaring a forfeiture or lapse of a policy for nonpayment of premium or interest. Where the term expires for which the risk is taken, there is neither a forfeiture nor a lapse. Looking now to the language of the accumulation certificate, we find that its provisions were to become a part of the contract between these parties; that the clause of the original policy

providing for its forfeiture for the nonpayment of premiums
was so far modified and changed that upon such failure
the policy became a paid-up contract for the amount of the
original insurance for a certain and definite term.   On
demand of the assured within a fixed period after default,
he was given certain other options; but in default of such
demand the term insurance, as stated, took effect.   No such
demand was made by Johnson.   There was no forfeiture of
Johnson's life contract, as appellee insists.   By the terms of
the agreement which he made, his life contract, upon his
default in the payment of the premium due November 11,
1893, became transmuted into a paid-up policy for a term
ending May 11, 1896.   But appellant argues that the accumu-
lation certificate gave to the original policy nothing but what
was bestowed by the net-reserve statute, mentioned above,
upon all policies in which its benefits are not waived, and
that the notice law would apply in such cases; and it is said·
the benefits of the net-reserve statute were not all waived
here, because of the express reservation in the contract, to
which we have referred, by which the assured was entitled,
upon default, to a paid-up policy.   We do not think the
provisions of this net-reserve statute had the effect to dispense
with the notice, but there is a material distinction, which
seems to have been overlooked by counsel for appellant,
between the application of the law and of an accumulation
certificate to a prior policy.   The benefits of that statute were
given only to policies which had lapsed or been forfeited for
nonpayment of premium, debt, or interest; and the notice
had to be given, to effect this forfeiture or fix such lapse.
After the default, the life contract continued in force until
it was determined according to the statute.   In such case,
if the assured died after default, but before notice, his bene-
ficiary would be obliged to pay the past-due premiums, in
order to recover.   In the case at bar, under the modified
contract, immediately on default in payment of the premium
of 1893 the policy became a paid-up contract for a term;

and, if the assured had died within such term, plaintiff could recover without payment of the defaulted premiums. Here the life contract did not run beyond the default day. No act of the company was necessary to put the term insurance in force. It went into effect by reason of the contract. It is true that plaintiff could have reinstated the life contract on payment of the defaulted premium within six months, and upon proof of health; but he did not do this, and therefore the term policy, which began immediately upon the default, was never altered or annulled. Adopting an illustration of the learned trial judge, if Johnson had died on May 10, 1896, plaintiff could have recovered the full face of this policy, without any further payment being required of her. But, on defendant's theory, if he had died on May 12th, one day after the term had expired, he could still recover, but, in order to do so, would have to tender all past-due premiums. This payment would thus be required for a single day's insurance. Counsel for appellant responds to this with a counter illustration. He does not deny this anomalous feature of the contract, as he claims it to be, but says that if Johnson had lived until May 12, 1896, and then tendered the amount due for premiums, he would have saved his life contract. This, he asserts, shows an inconsistency in the interpretation given by the trial court to the contract. As counsel thinks, this was holding that "the policy was good if Johnson lived, but no good if he died." Whatever right Johnson had to reinstate the life contract after his default in the payment of premiums was given him by his new policy. The life policy could have been revived in such case, not because the term insurance had not gone into effect, nor because the character of the contract had not been changed in its terms, but for the reason that, by a provision of this very agreement, the old contract might, under certain circumstances, be made to supersede the new. We do not think he possessed any such right after the expiration of six months from the time of his

default in the payment of the premium. The life contract did not continue alive and in force after such default. A prescribed act, within a certain time, on the part of the assured, was required, to give it vitality; and this act was never performed. In the meantime, without affirmative action of either party, the term insurance went into effect. Answering an argument of counsel for appellant, we will say that we do not think the accumulation certificate has any added force or virtue because it was separately issued. The contract would have been the same, and the rights of the parties not different, if the terms of that instrument had been incorporated in the original policy. As counsel construes the notice law, the assured cannot be deprived of the terms most favorable to him, in a policy containing a provision for alternative benefits, without notice being given him. But this is not the law. The notice is required only when it is sought to declare the contract forfeited or lapsed. Neither was done here. We do not regard the waiver in the policy of the benefits of the net-reserve law as of any special significance, though appellee, in argument, claims something for it. Our holding would be the same if no such waiver had been made.

Our conclusion is that this was a policy for a term that expired before Johnson's death, and therefore plaintiff has no right of recovery. The other questions discussed are rendered immaterial by this finding.—AFFIRMED.