S. H. SUMMERS v. DES MOINES INSURANCE COMPANY, Appellant.

Policies:   FAILURE TO ATTACH COPY OF PREMIUM NOTE:   *Is waiver of non-payment.*   Under Code, section 1741 providing that an insurance company which neglects to attach to or indorse one its policies a copy of any application or representation of the insured, which by the terms of the policy is made a part of the contract of insurance, or which may in any manner affect its validity, shall be precluded from setting up such representations in defense to an action on the policy, an insurance company which fails to attach to or indorse on a policy, a copy of a premium note given therefor, will be precluded from setting up non-payment of the note in defense, though the policy provides that it will be void if the premium is not paid when due.

*Appeal from Wayne District Court.*—HON. H. M. TOWNER, Judge.

THURSDAY, DECEMBER 19, 1901.

ACTION to recover, upon a policy of insurance against loss or damage by fire, for a loss that occurred November

12, 1898. The policy set out provides that it shall be void "if the premium be not paid when due." Defendant answered, admitting that, but for the defense set up in count 2, plaintiff would be entitled to recover the amount of said loss. In count 2 defendant alleges that the premium for said policy, $18, was not paid when the policy was issued, that plaintiff executed to defendant his promissory note therefor, due on or before the twenty-eighth day of July, 1898, and that said note remains wholly unpaid; that on the first day of August, 1898, defendant served notice on the plaintiff, in form and manner as required by law, to pay said note; and that said note was not paid within 30 days thereafter, and still remains wholly unpaid. Defendant claims that by reason of these facts the policy was suspended and void at the time of the loss. Plaintiff demurred to said second count upon the ground that the note given for the premium "was not attached to the policy or indorsed thereon." The court sustained the demurrer, and, defendant electing to stand upon its answer, judgment was rendered against it, from which it appeals.—*Affirmed.*

*Read & Read* for appellant.

*G. Taylor Wright* and *Miles & Steele* for appellee.

Given, C. J.—I. Section 1741 of the Code provides as follows: "All insurance companies or associations shall, upon the issue or renewal of any policy, attach to such policy, or indorse thereon, a true copy of any application or representation of the assured which, by the terms of such policy, are made a part thereof, or of the contract of insurance, or referred to therein, or which may in any manner affect the validity of such policy. The omission so to do shall not render the policy invalid, but if any company or association neglects to comply with the requirements of this section it shall forever be precluded from pleading, alleging

or proving any such application or representations, or any
part thereof, or falsity thereof, or any parts thereof, in any
action upon such policy, and the plaintiff in any such action
shall not be required, in order to recover against such com-
pany or association, either to plead or prove such applica-
tion or representation, but may do so at his option." We
have the single question whether, to enable the defendant
to avail itself of the defense pleaded, a copy of the premium
note must have been attached to or indorsed on the policy.
*Lewis v. Insurance Co.,* 71 Iowa, 97; *Lewis v. Insurance
Co.,* 80 Iowa, 259, is cited as conclusive on this question.
Defendant contends that the question was not argued or
considered in that case; that the defendant therein conceded
that the premium note must be attached to or indorsed on
the policy, to permit the defense, but contended that it was
so indorsed, and that the court, accepting this concession as
the law, did not construe said section 1741 on this question.
An examination of the record in that case on both appeals
shows as follows: That on the same day the defendant issued
two policies to the plaintiff,—one against loss by fire, and one
against loss by windstorm, etc.; the aggregate premium be-
ing $75.81, for which the defendant executed his two prom-
issory notes,—one for $26, due December 1, 1885, and one
for $49.80, due January 1, 1885,—each reciting that it was
for premium for insurance. The action was upon the pol-
icy against loss by windstorm, etc. Defendant answered,
alleging that the policies were given for the combined pre-
mium, and that no part thereof had been paid, wherefore, un-
der the terms of the policy, it became void. Plaintiff re-
plied, alleging that the $26 note was given for the premium
on the policy sued on; that "the defendant has failed to at-
tach to said policy or to indorse thereon a copy of said note."
In that case we had the defense of failure to pay the pre-
mium note, and a reply that the premium note was not at-
tached to or indorsed upon the policy,—the precise question
that is presented in this case. True, the construction of sec-

tion 1741 as to whether a premium note must be attached or indorsed on the policy was not argued at any length. Defendant's contention was that the two policies were a single transaction, and that the indorsement of the notes on the fire policy, and the reference thereto in the policy sued upon, was a compliance with the law. On the first appeal we said: "The appellee insists that the appellant is not entitled to take advantage of the plaintiff's default, if he made one, because a copy of the note, as provided by statute, was not attached to the policy sued on. In our opinion, the appellee's position must be sustained." On the second appeal we held that the policy in suit was complete in itself, and that, under the former decision, it was required that copy of the note be attached or indorsed, to entitle the defendant to defend on the ground of nonpayment of premium. We think it must be said that that case determines the question under consideration. If it was before this court for the first time, we might reach a different conclusion; but it is a rule of statute, and several general assemblies have convened since that decision, without making any change in the statute, and therefore we feel constrained to adhere to the law as announced in the *Lewis Case,* and to say that the demurrer was properly sustained.—AFFIRMED.