J. S. Shearer, Treasurer of Washington County, Iowa, Appellant, v. Citizens' Bank of Washington County, Appellee.

**Taxation:** Assessment of omitted property: recovery of tax: limitation of action. Action for the collection of taxes on omitted property must be brought within five years from the date at which it should have been assessed, and the notice and demand, listing and assessing of the property by the treasurer in no way affects the bar of the statute as to actions to enforce collection.

*Appeal from Washington District Court.—* Hon. W. G. Clements, Judge.

THURSDAY, FEBRUARY 8, 1906.

ACTION to recover taxes upon property of the defendant omitted from taxation for the year 1899. Defendant demurred to the petition, and its demurrer was sustained. Plaintiff appeals.— *Affirmed.*

*Marsh W. Bailey* and *Ben McCoy,* for appellant.

*Wilson & Wilson,* for appellee.

DEEMER, J.— Plaintiff pleads that defendants' capital stock, surplus and undivided earnings, amounting to $5,000, were subject to assessment by the taxing officials of Washington county for the year 1899, that such property was omitted from assessment, and that the taxes due thereon amounted to $402.60. It is further alleged that in November of the year 1903 plaintiff gave defendant and the county auditor notice that the matter of said omitted taxes would be heard on December 26, 1903, and that on said last-named date plaintiff did so assess the defendant's capital stock, and found the taxes thereon, with interest, for the year 1899 to be $402.60, and that no appeal was taken by defendant. According to the record before us, this action was not commenced until November 8, 1904. Defendant's demurrer was bottomed on the ground that the action is barred by the statute of limitation.

Appellant contends that as he assessed the property on November 26, 1903, and as no appeal was taken from that assessment, this action is not barred; and, further, that the assessment was a final adjudication binding upon defendant, which cannot be questioned by demurrer. Unless there be something in these contentions, the demurrer was properly sustained, for we have held that an action to recover taxes on omitted property must be brought within five years from the time it should have been assessed, which in this case

was April 1, 1899.  *Thornburg v. Cardell,* 123 Iowa, 313;
*In re Morgan's Estate,* 125 Iowa, 247.  The section of the
Code under which this action was commenced provides that
the county treasurer shall, at any time within five years from
the time at which an assessment should have been made,
demand of the corporation by whom the· same should have
been listed the amount of the property which should have
been taxed in each year, and upon failure to pay such sum
within thirty days he shall cause an action to be brought
therefor.  Code, section 1374.  By what is known as sec-
tion 1407a, Code Supplement 1902, it is provided that be-
fore listing the property the treasurer shall give the person
in whose name it is proposed to assess the same ten days'
notice thereof, fixing the time when and place where objection
to the proposed assessment may be made.  Provision is also
made for an appeal to the district court.  Notice and de-
mand were given and made in this case within five years
from April 1, 1899, but the action to enforce the assess-
ment was not brought until after the expiration of the five-
year period.  The cause of action for the omitted taxes
accrued April 1, 1899.  This point is definitely settled, not
only by statute, but by the decisions already cited and others
to which reference might be made.  But it is contended
that as demand was given, notice given and an assess-
ment made within five years from April 1, 1899, the cause
of action is not barred.

Assuming that demand was made in time, the question
is when must the action be commenced in court?  Appellant
does not answer this question, except inferentially.  It seems
to us that under the most favorable construction of the
statute for appellant this action must be brought within
thirty days after the expiration of the five-year period, unless
we are to hold that the assessment made by the treasurer
pursuant to notice became a new cause of action, a judg-
ment, or such an incontestable assessment, as may be en-
forced by action at law at any time before it becomes barred

by the general statute of limitations.   Going directly to this question, it must be conceded that but for the statute to which we have referred no action at law would lie for the recovery of taxes whether on omitted property or otherwise. *McInerny v. Reed,* 23 Iowa, 410; *Plymouth Co. v. Moore,* 114 Iowa, 700.   But even if a tax be a debt, the statute provides that this debt accrues at the time when the assessment should have been made, which in this case was April 1, 1899. That being true, the county treasurer could not delay the running of the statute by failing to make demand. *Hintrager v. Hennessy,* 46 Iowa, 600; *Mickel v. Walraven,* 92 Iowa, 423, and cases cited.   Without the statute, the cause of action accrued at the time the property should have been assessed.   *City v. B. & M. R. R. Co.,* 41 Iowa, 134.

Was the listing of the property and the assessment made by the treasurer a judgment, and did the cause of action begin to run from the time he listed and assessed the property?   Manifestly the answer to this must be " No."   If that were true, the statute would unquestionably have been declared unconstitutional.   *Galusha v. Wendt,* 114 Iowa, 597. The treasurer lists the property and makes the assessment under the statute quoted as a preliminary step to further proceedings, to wit, action at law to collect the taxes, as provided in section 1374 and in Re Morgan's Estate, *supra.* His finding is in no sense a judgment, although the assessment many create a lien upon the debtor's property.   It is not like an ordinary assessment and levy.   But if it were, no action could be brought thereon without statutory authority.   Without the statute, it would simply stand as an ordinary assessment, to be enforced as other taxes under the provisions relating to the assessment and collection of taxes in general.   So that the listing of the property and the assessment of the taxes is not a judgment, nor does it in any way affect the bar of the statute as to actions for the collection of taxes upon omitted property.   It is a condition precedent to a right of action — an assessment, if you please —

and delay on the part of the official charged with the duty of making demand will not toll the statute.

The demurrer was properly sustained, and the judgment is *affirmed.*