WARREN H. WILSON, Appellant, v. ROYAL UNION MUTUAL LIFE INSURANCE COMPANY.

**Insurance:** FORFEITURE: RIGHT TO INSIST UPON. In a suit on a policy of insurance the company is not precluded from relying on a forfeiture clause contained in a note, given by the policy holder for borrowed money subsequent to issuance of the policy, simply because a copy of the note was not attached to or indorsed on the policy; since the provision in the note

amounted to a modification of the original contract, it was not within the provision of Code, section 1741.

**Nonpayment of premiums:** FORFEITURE: WAIVER. Acceptance of delinquent insurance premiums in accordance with conditions agreed upon by the parties at the time, is not a waiver of the right to insist upon a forfeiture of the policy for failure to make timely payments of subsequent premiums; especially where insured was notified that acceptance of the premium after due was not to be construed as a waiver of the conditions of the policy as to future payment, or as establishing a course of dealing between the parties. Neither will acceptance of part payment of a premium at the time of maturity constitute such waiver.

**Same:** CANCELLATION OF POLICY. Where a policy loan evidenced by a note providing that the company might either cancel the policy for nonpayment of interest or of principal, or interest on the note, acceptance of premiums while there was still past due interest on the note was not a waiver of conditions as to payment of future premiums; since the payment was a recognition of the contract obligation as to premiums, and under its option in the note the company could disregard the nonpayment of interest and cancel the policy for failure to pay premiums.

**Same:** NOTICE OF CANCELLATION. Where a policy loan contract provides that default in payment of the premium, or the principal or interest on the loan, shall be construed as an election by the insured to accept the cash surrender value of the policy, and also authorizes the company to cancel the same upon default, the company is not required to notify the insured of the cancellation when the default occurs.

*Appeal from Polk District Court.*— HON. JAS. A. HOWE, Judge.

TUESDAY, FEBRUARY 11, 1908.

SUIT on an insurance policy issued to the plaintiff's wife. There was a directed verdict for the defendant, and from a judgment thereon the plaintiff appeals.— *Affirmed.*

*Allen & Lingenfelter,* for appellant.

*Dawley, Hubbard & Wheeler* and *George E. Hise,* for appellee.

SHERWIN, J.— This is a suit to recover $2,000 upon a twenty-year payment, twenty-year settlement plan policy, issued upon the life of Lulu Wilson; her husband, Warren H. Wilson, the plaintiff herein, being the beneficiary named in said policy. The defendant denied liability on the ground that the policy had lapsed and was not in force at the time of the death of the insured.

The policy was issued on the 16th day of May, 1894, and provided for the payment of a yearly premium of $52.20 which was payable "at or before 12 o'clock noon on the 16th day of May in every year, until twenty full years premiums had been paid." The policy further provided that after two full annual premiums had been paid the policy should be incontestable and become nonforfeitable in amounts as indorsed thereon, provided the policy was presented at the office of the company properly receipted, conditioned (1) for its cash surrender value within three months, and (2) for its paid-up value within six months from the date of the first unpaid premium. The premiums provided for in the policy were all paid up to and including that due for 1902. The premium due May 16, 1903, was not paid, and Mrs. Wilson died on the 13th day of February, 1904. The policy itself did not contain a forfeiture clause for the nonpayment of premiums; but on the 2d of June, 1899, Lulu and Warren H. Wilson gave their note to the insurance company for money borrowed on the policy in suit, and said note contained the following stipulation:

This note is secured by a lien on policy No. 1842 issued on the life of Lulu Wilson by the Royal Union Mutual Life Insurance Company, Des Moines, Iowa, for $2,000, at age twenty-one, and dated May 16, 1894, on plan twenty payment life, with a premium of $52.20 payable annually, and falling due May 16th, and it is agreed that if default is made in the payment of any premium upon said policy or in the payment hereof, either principal or interest, then this note shall become payable at once, and in that event we hereby elect to take the cash surrender value of said policy at the date of

such default, and we hereby empower said insurance company to cancel the said policy upon its books, and, after taking out all sums due upon said note, and said policy, to hold the balance, if any, to our credit, without interest, to be paid to us upon surrender of said policy, duly receipted, at the home office of said company at Des Moines.

The defendant relies on the forfeiture clause in the note and on the failure to pay the annual premium due May 16, 1903. A copy of the note was never attached to the policy, and because thereof the appellant contends that the defendant cannot avail itself of its terms. Appellant further insists that, even if the condition of the note be available to the defendant, it waived its right to rely thereon. We think there is no tenable ground upon which it can be held that a copy of the note should have been attached to the policy to enable the defendant to interpose its terms as a defense thereto. The appellant bases his contention on this point on section 1741 of the Code, and on cases applying the same to somewhat similar facts, but which cases, as we shall further along demonstrate, are not controlling in the instant case. Section 1741 of the Code provides as follows:

1. INSURANCE: forfeiture: right to insist upon.

All insurance companies or associations shall, upon the issue or renewal of any policy, attach to such policy, or indorse thereon, a true copy of any application or representation of the assured which, by the terms of such policy, are made a part thereof, or of the contract of insurance, or referred to therein, or which may in any manner affect the validity of such policy. The omission so to do. shall not render the policy invalid, but if any company or association neglects to comply with the requirements of this section it shall forever be precluded from pleading, alleging or proving any such application or representations, or any part thereof, or falsity thereof, or any parts thereof, in any action upon such policy, and the plaintiff in any such action shall not be required, in order to recover against such company or association, either to plead or prove such application or representation, but may do so at his option.

The statute provides that " upon the issue or renewal of any policy " there shall be attached thereto or indorsed thereon, etc.    There is no requirement therein that a copy of any agreement made subsequent to the issue or renewal of the policy shall be so attached.    Nor is there any language in the section which can be construed to penalize an insurance company for entering into a supplemental contract. It is a fundamental rule that contracts of insurance may be modified by a new and distinct agreement entered into by the parties.    In other words, such contracts, except in so far as they are controlled by statutory enactment, are governed by the rules applicable to any ordinary contract, and no one would question the right of subsequent change.    16 Am. & Eng. Enc. of Law, 868; *Leonard v. Insurance Co.*, 65 Conn. 529 (33 Atl. 511); *Iowa Ins. Co. v. Lewis,* 187 U. S. 335 (23 Sup. Ct. 126, 47 L. Ed. 204); *Walts v. Insurance Co.,* 118 Iowa, 216.    The note in question was executed and delivered more than five years after the policy issued, and the only objection to the enforcement of its terms is because a copy thereof was not attached to the policy.    But it is shown conclusively that its terms were known to the signers, and that a copy thereof was in fact mailed to the policy holder under such circumstances as to almost conclusively show that it was received.    The appellant relies upon *Lewis v. Burlington Ins. Co.,* 71 Iowa, 97, and *Summers v. Des Moines Ins. Co.,* 116 Iowa, 593, as supporting his contention that a copy of the note should have been attached to the policy.    In both of those cases the notes in question were executed and delivered contemporaneously with the policies sued on.    They were given for the first premium in both cases, and it was held that the statute was applicable to them.    In the latter case, however, doubt is expressed as to the correctness of the original holding, which was in the *Lewis* case.

The facts upon which the appellant relies as constituting a waiver are substantially these:    The premium due on the 16th of May, 1896, was not paid until the 22d of the same

month, and was then accepted by the company.   The pre-

**2. NONPAYMENT OF PREMIUMS: forfeiture: waiver.**   mium due May 16, 1899, was paid May 26th, and was accepted by the company.   As to these two payments it will be noticed they were due and in fact paid before the note in question was given, which was June 2, 1899.   The premium due May 16, 1900, was not paid when due, and the policy was lapsed on on account thereof, and it was only reinstated in the follow- ing January upon the application of the insured and after she had submitted to a medical examination as to the then condition of her health, and furnished a certificate thereof, which was accepted by the defendant, together with the pre- mium then due, with interest thereon, and the interest then due on the policy loan for which the note in question was given.   So far, then, as these delinquencies are concerned, there can be no waiver predicated thereon, because they were settled and closed in accordance with the conditions agreed upon by the parties.   Moreover, as to the premiums received after due, prior to the execution of the note, it is shown that they were not accepted until the company had satisfied itself that the assured was at the time in good health.

And again, in all instances up to 1903 notices of the ma- turity of the premium were sent and by the insured received, expressly notifying her that the acceptance of any premium after it became due was subject to the condition, and upon the express warranty on her part, that she was in good health, and was not to be construed as a waiver of the condi- tions of the policy as to future payments, nor as establishing a course of dealing between the company and her.   In the face of all these facts, the plaintiff is certainly in no position to assert that the appellee's conduct misled the policy holder. " To constitute a waiver, there must be some affirmative act on the part of the insurer, and it must be conduct which in- duces the insured to rest on the well-founded belief that a strict performance of a condition will not be insisted upon." *Rundell v. Insurance Co.*, 128 Iowa, 577.   As we read the

record, there is no pretense that the premium of 1901 was not paid in accordance with the terms of the policy; and, while the plaintiff testified that the 1902 premium was partly paid when it became due and the balance thereafter; he was unable to produce any receipt so showing, and he was not able to fix the date of the alleged deferred payment. It is clear, therefore, that no waiver should be planted on that transaction. It appears from a letter written to the plaintiff by the defendant on the 23d of March, 1904, that some of the interest due on the note before May 16, 1903, had not been paid when due nor at that time; but aside from this the record is silent on the subject.

The plaintiff also held a policy of insurance issued on his life, and he was permitted to show that he had always acted as the agent of his wife in matters relating to the policy issued to her, and, further, his dealing with the company concerning his own policy. This was admitted for the purpose of showing a waiver, as we understand the record. But all of the premium and interest payments due on his policy and on his policy loan note which were accepted by the company after due and after the policy might have been lapsed were received prior to the January, 1901, settlement and reinstatement to which we have already referred. In fact Wilson's own policy was lapsed for the non-payment of premiums and interest on his loan note, and he was required to take a medical examination for reinstatement at the same time his wife did, and his policy was reinstated with the other.

The only ground, then, upon which a waiver on the part of the defendant can rest, is the fact that it accepted the premiums of 1901 and 1902, when there was a small amount of interest past due on the note. But this interest was due when these two premiums were paid, and the plaintiff by paying them recognized the obligation of the policy and note so far as the premiums were concerned, notwithstanding his delin-

3. SAME:
cancellation
of policy.

quency as to the interest.    In addition to this, the note gave
the defendant the option to cancel the policy in either event,
and it might disregard the nonpayment of interest and cancel
the policy for nonpayment of the premium.    The 1903 pre-
mium was nine months past due when Mrs. Wilson died.
No premium had ever before remained unpaid so long, and
in the one instance where it had been unpaid for more than
a part of a month and then been accepted a medical examina-
tion and a certificate of health were required.    These trans-
actions surely gave no warrant for the belief that the payment
of a premium might be thus delayed.    *Servoss v. Insurance
Co.,* 67 Iowa, 86.

By the terms of the note, if the payments therein re-
ferred to became delinquent, the policy holder elected to take
the cash surrender value of said policy and empowered the
company to cancel the same on its books, and
we do not think the company was required to
notify the policy holder of the cancellation

4. SAME:
   notice of
   cancellation.

of the policy.    The contingency which created her election
had happened on account of her own neglect, and we know
of no reason why the defendant should be required to notify
her thereof, or that it had done what it was expressly au-
thorized to do when she brought about the situation.    If
the company had been required to exercise some option, the
rule would be different.    See *Iowa Ins. Co. v. Lewis, supra;
Johnson v. Insurance Co.,* 109 Iowa, 708.

The judgment is right, and it is *affirmed.*