A. D. ROBEY v. STATE INSURANCE COMPANY, Appellant.

Insurance: FORFEITURE FOR NONPAYMENT OF PREMIUM. Where an insurance company fails to attach a copy of a premium note to the policy, the fact that the note was past due at the time of a loss can not be relied upon to defeat the policy, although so provided therein. And notice to the insured of its maturity as provided in Code, section 1727, will not aid the company.

*Appeal from Taylor District Court.*—HON. 'H. M. TOWNER. Judge.

TUESDAY, FEBRUARY 15, 1910.

SUIT on a contract of fire insurance. There was a directed verdict and a judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Sullivan & Sullivan,* for appellant.

*W. M. Jackson* and *G. B. Haddock,* for appellee.

SHERWIN, J.—The policy in this case was issued on a written application which stated that a note for the total

premium had been given by the assured. The application was attached to and made a part of the policy, but no copy of the premium note was attached thereto. The defendant answered, alleging that the policy was not in force at the time of the loss, for the reason that the premium notes, one for $40, payable November 1, 1907, and one for $40, payable November 1, 1908, were not paid when due, and that by the terms of the policy a failure to pay the notes, or any part thereof when due, released the defendant from liability on the policy. It was further alleged that the note which became due November 1, 1907, was not paid when due, and that by a later agreement the time of its payment was extended to February 1, 1908. That payment not being made on that date, the defendant duly served on the plaintiff the notice required by section 1727 of the Code, and that the loss occurred more than thirty days thereafter. The plaintiff then pleaded that no copy of the note was attached to the policy, and that the policy was therefore in force at the time of the fire. The policy contained a provision that, when notes or credits were given for the premium, or any part thereof, and any part thereof was due and unpaid, the defendant should not be liable for any loss that might occur after such maturity and before payment of same.

This case is clearly controlled by *Lewis v. Ins. Co.,* 71 Iowa, 97, and same case on second appeal in 80 Iowa, 259, and by *Summers v. D. M. Ins. Co.,* 116 Iowa, 593, where it was held that under the provisions of section 1741 of the Code a copy of a premium note referred to in the application must be attached to the policy to enable the insurer to avail himself of the defense of nonpayment of such note upon maturity. And in all of the cases cited the policy itself contained a forfeiture clause practically the same as the one in suit. The clause does no more than to provide for a forfeiture if any note or credit given for the premium is due and unpaid when

the loss occurs. The appellant earnestly insists that the *Lewis* and *Summers* cases should be overruled, but we are not inclined to do so. The *Lewis* case was decided over twenty years ago, and the construction therein given to section 1741 has evidently met the approval of each successive Legislature, and under such circumstances we should not now change it.

It is also argued in the reply that the extension of the time of payment of the note due November 1, 1907, should be held to bring the case within the rule announced in *Wilson v. Royal Mut. Ins. Co.*, 137 Iowa, 184. But to so hold would be an obvious evasion of the statute. In the *Wilson* case no note was given until long after the policy issued, while here the note was contemporaneous with the policy, and the extension of its time of payment could in no way avoid the rule of the *Lewis* case.

The giving of the notice required by Code, section 1727, does not help the defendant, for the reason that such notice would still be required if a copy of the note had been attached to the policy.

The trial court properly directed a verdict for the plaintiff, and the judgment rendered thereon is *affirmed*.