FRANK GOODMAN, Appellee, v. HENRY L. DOHERTY & COMPANY, Appellant.

No. 42214.

JUNE 23, 1934.

Deacon, Sargent, Spangler & Hutchison, and Lehmann, Hurlburt & Hossfeld, for appellant.

Brammer, Brody, Charlton & Parker, for appellee.

EVANS, J.—Respective counsel for the contending parties unite in the statement that the case of Davidson v. Henry L. Doherty & Co., 214 Iowa 739, 241 N. W. 700, is determinative of the case at bar unless it be overruled herein. The cited case was an action by Davidson against the same defendant herein, and was predicated upon a cause of action identical in its issues with that herein. The arguments of counsel in both cases are substantially identical. The material facts were stipulated in each case. That the defendant was never personally within the state of Iowa is conceded by the plaintiff.. It is likewise conceded that the defendant personally established his office in Iowa and caused his name to be placed upon the office door and caused all business to be transacted in his name and not otherwise. The question raised is whether it is legally possible by force of any statute of Iowa, for the courts of Iowa to acquire personal jurisdiction of a nonresident who is doing business within the state of Iowa, if such nonresident has never in fact brought his person within the borders of the state. The argument of appellant herein is the fair equivalent of a petition for rehearing in the Davidson case. The legal questions now raised herein were all presented in the Davidson case, and were very fully considered therein. Decision was attained by a divided court. The majority opinion necessarily prevailed. The reasons pro and con for the respective opinions are fully stated therein. That the questions thus considered are debatable and close may be readily conceded. They have been so regarded by the judiciary of the country for many years. The ultimate question has been often approached, but never quite decided. A citation of the Davidson case as a precedent is an all-sufficient argument for the decision of this case. The only door of argument open to the appellant is to seek the overruling of the opinion in the Davidson case. The fact that the decision was close and doubtful

is urged by the appellant as a reason for its overruling. Such reason is not adequate. We were under the same duty of original decision whether the case were close and doubtful or otherwise. There are strong practical reasons why we should not be swift or willing to overrule a decision which has been arrived at after full consideration and without inadvertence or misunderstanding. As a precedent it has become a practical verity; and no less such because it is doubtful, or deemed so. It became at once a beacon to trial judges and a rule for the decision of other cases. To treat a question thus settled as still open is to convert the beacon into a will-o'-the-wisp and to destroy, quite, the force and effect of the law of precedent as a guide to the rights of litigants. And this is no less true even though the decision shall have been rendered by a divided court. Divided opinion in arriving at a decision is not uncommon or inappropriate. But *after* decision the court ceases to be divided thereon and becomes unanimously obedient to the precedent. If the judicial rule were otherwise it would subject all precedents to a rediscussion and reconsideration with every change in the personnel of the court. Such a course would be quite intolerable. Since the decision of the Davidson case, there has been a substantial change of personnel in this court. If we were called upon to realign our membership in the reconsideration of previous cases supposedly doubtful, it would necessarily result in putting the stamp of uncertainty upon every precedent. If a majority of us were disposed to overrule the Davidson case, and should vote accordingly, we would, or might, still be a divided court and be still confronted with as many reasons for a later realignment to the contrary, as confront us now. Precedents are the stepping stones of the law in its goings. Once placed, they should not be lightly displaced. Such, broadly, is the reason why an appellate court consents to the overruling of a prior decision only in a very exceptional case. It will be soon enough to overrule this precedent, if and when superior authority so rules.

Obedient thereto, the judgment appealed from is accordingly affirmed.—Affirmed.

CLAUSSEN, C. J., and STEVENS, ALBERT, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.

MITCHELL, J. (dissenting)—I was not a member of the court at the time the opinion in Davidson v. Henry L. Doherty & Co., re-

ported in 214 Iowa 739, 241 N. W. 700, was decided. Had I been, I would have joined in the dissenting opinion filed by the late Justice MORLING.

I concur in the dissenting opinion of Justice KINDIG.

KINDIG, J. (dissenting)—I am unable to agree with the result reached by the majority in this case, as I was unable to agree with the result reached by the majority in Davidson v. Henry L. Doherty & Co., 214 Iowa 739, 241 N. W. 700.

It is the theory of the majority that the Davidson case decides the present controversy, and that the rule of stare decisis precludes a dissent at this time. The rule of stare decisis would control were the controversy here one to be finally determined by this court; but a federal constitutional question is involved. Therefore, the judgment of this court is not final. A former decision of this court does not make a result constitutional if, in fact, the judgment which brings about such result is in conflict with the Constitution of the United States.

Under the circumstances of this record, it is my belief that the courts of Iowa have no constitutional power to render a judgment in personam against the appellant, Henry L. Doherty, for the reason that he has not been served with notice of the suit within this state. Doherty has not been present in the state, although he conducted business here through an agent. He is a resident of New York state, and a nonresident of the state of Iowa. His agent in Iowa had no contractual authority to accept, on his behalf, the service of the notice of suit in this state; nor did such agent, because of contract, constitute a person upon whom substituted service of the notice of suit could be made upon Doherty.

Section 11079 of the 1931 Code of Iowa, relied upon by the majority, does not purport to make the appointment of an agent a prerequisite to Doherty's right to do business in this state. That section contains the following provisions:

"When a corporation, company, or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed in such office or agency, in all actions growing out of or connected with the business of that office or agency."

It was said by this court in Davidson v. Doherty & Co. (214 Iowa 739, 241 N. W. 700), supra, that the foregoing section gave Davidson the right to sue Doherty in Iowa by serving the notice of suit on Doherty's Iowa agent in Polk county.

Consequently, if Doherty's agent in Iowa possessed the power to be served with an original notice of a suit on Doherty, such power must have arisen through contract or statute. But such contract did not exist. If, on the other hand, section 11079, relied upon by the majority, contrary to its terms attempts, by some theory or other, to make the appointment of an agent who can be served with notice of suit in Iowa a prerequisite for Doherty's right to do business in this state as an individual, then the same becomes unconstitutional, because under the federal constitution the state of Iowa has no right to render personal judgment against a nonresident person not properly served with notice in this state. Flexner v. Farson, 248 U. S. 289, 39 S. Ct. 97, 63 L. Ed. 250. See, also, Hess v. Pawloski, 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091. Before the adoption of the federal constitution, each state, as is well known, was an independent nation theoretically, at least, possessing all the powers and prerogatives of any independent nation. When the federal constitution was adopted, these free and independent states did not surrender all their powers to the federal government, but only those expressly or impliedly named in or prohibited by the federal constitution. Other powers of these states were retained by them. See the Tenth Amendment to the Constitution of the United States. So one state has no power over the citizens of another state, except as provided by the federal constitution. Prior to the adoption of the federal constitution, a citizen of one state could not, through a court action, acquire jurisdiction over a citizen of another state, except by going into the foreign state. Likewise, under the constitution, a citizen of one state cannot, through a court action, acquire jurisdiction of a citizen of another state without going into that state, except as provided by the Constitution of the United States.

The suit in question does not involve an action in rem growing out of an attachment or other process on Doherty's property within the state of Iowa. Moreover, the suit in question does not involve a statute of the state of Iowa passed under its police power. No doubt, under the Securities Act, the state of Iowa could require Doherty, as a prerequisite to his doing business in Iowa, to appoint an agent

upon whom substituted service on the principal could be made in Iowa. That authority exists in Iowa because of its police power. As said before, however, the police power of Iowa is not involved in section 11079 of the 1931 Code. Nor is this a case like that involved in Hess v. Pawloski (274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091), supra, and like cases. There the nonresident, by operating his automobile in a nonresident state, consented that the registrar of the foreign state would thereby be constituted an agent for the nonresident automobile driver, upon whom notice of suit for a tort growing out of the operation of the automobile in the foreign state might be served. Plainly, however, this authority of the foreign state is based upon the police power of that state, including the power to regulate its own highways. Furthermore, in the highway case just contemplated, the defendant actually was in the foreign state, and while there committed the tort which gave rise to the court action.

At this juncture we must not confuse the law applicable in the case at bar with the law relating to the service of notice on foreign corporations. A corporation, being an artificial person, is by fiction considered to be within the state when it transacts business therein. Limitations may be made a prerequisite which must be met by the foreign corporation before it can enter a state. That is true even though the same prerequisite could not be required of an individual before entering the state. There must be no confusion, therefore, when the law applicable to the case at bar is compared with the law relating to the service of notice on foreign corporations. A clear distinction exists between the two principles of law. So in the case at bar it is manifest that the district court in Iowa did not obtain jurisdiction to render a personal judgment against the appellant Doherty.

For the sake of brevity, I adopt and add hereto by this reference the dissenting opinion written by the late Mr. Justice Morling in the case of Davidson v. Henry L. Doherty & Co. (214 Iowa 739, 241 N. W. 700), supra.