DONALD COVER, Treasurer of Linn County, for use of Linn County, appellant, v. N. P. CRAEMER, appellee.

No. 51813.

(Reported in 137 N.W.2d 595)

OCTOBER 19, 1965.

Jack M. Fulton, Linn County Attorney, and Thomas J. Wilkinson, Jr., Assistant County Attorney, of Cedar Rapids, for appellant.

Lynch, Dallas, Smith & Harman, of Cedar Rapids, for appellee. :

Moore, J.—On October 19, 1964, plaintiff, Linn County Treasurer, filed his petition at law under sections 443.12 and 443.13 of the applicable Codes to recover taxes on omitted property. He alleged defendant during 1956, 1957, 1958 and 1959 owned moneys and credits subject to taxation but not listed therefor, at the direction of the state tax commission plaintiff made an additional assessment on November 21, 1960, for the tax owed by defendant for each year and made demand on him for payment of said amounts on November 30, 1960, and repeated his demand on September 17, 1964. Plaintiff further alleged defendant failed to pay within thirty days after demand and asked judgment for the tax unpaid for each year plus interest and fifty percent penalty.

Defendant was served with notice of plaintiff's action on October 20, 1964. On November 4 defendant filed a motion to dismiss the petition because plaintiff failed to commence action within thirty days after the expiration of the five-year period prescribed by Code section 443.12 and also the petition showed the action was barred by the provisions of Code section 614.1(5), commonly referred to as the general statute of limitation.

On submission of defendant's motion to dismiss the trial court stated it would be sustained primarily because of the holding of Shearer v. Citizens' Bank, 129 Iowa 564, 105 N.W. 1025.

On December 30, 1964, the trial court entered a formal order sustaining defendant's motion. Plaintiff elected to stand on his pleadings by not pleading further within seven days and thereby allowed the order to become a final adjudication in the trial

court. Rule 86, Rules of Civil Procedure. Plaintiff then appealed.

The sole issue presented here is whether plaintiff's action was commenced within the time prescribed by law.

I. The parties concede sections 443.12 and 443.13 of the 1954, 1958 and 1962 Codes, which were applicable during the years involved in this case, first appeared as section 1374, Code, 1897, and that this section has not been amended since its enactment. It was editorially divided in the 1924 Code and has since remained divided.

Section 443.12 provides: "Corrections by treasurer. When property subject to taxation is withheld, overlooked, or from any other cause is not listed and assessed, the county treasurer shall, when apprised thereof, at any time within five years from the date at which such assessment should have been made, demand of the person, firm, corporation, or other party by whom the same should have been listed, or to whom it should have been assessed, or of the administrator thereof, the amount the property should have been taxed in each year the same was so withheld or overlooked and not listed and assessed, together with six percent interest thereon from the time the taxes would have become due and payable had such property been listed and assessed."

Section 443.13 provides: "Action by treasurer—apportionment. Upon failure to pay such sum within thirty days, with all accrued interest, he shall cause an action to be brought in the name of the treasurer for the use of the proper county, to be prosecuted by the county attorney, or such other person as the board of supervisors may appoint, and when such property has been fraudulently withheld from assessment, there shall be added to the sum found to be due a penalty of fifty percent upon the amount, which shall be included in the judgment. The amount thus recovered shall be by the treasurer apportioned ratably as the taxes would have been if they had been paid according to law."

Plaintiff-appellant contends there is no time limitation within which actions may be commenced by the county treasurer under these sections if the county treasurer makes demand within the five-year period specified by section 443.12. He admits if

he is to prevail his case must be distinguished from Shearer v. Citizens' Bank, supra, or the holding of that case be now overruled.

Defendant-appellee relies on the statute itself, our cases construing it and particularly the Shearer case. He also argues the action is barred under the provisions of section 614.1(5).

II. Around the turn of the century the time limitations contained in section 1374 (now sections 443.12 and 443.13) resulted in a series of decisions by this court. In Siberling v. Cropper, 119 Iowa 420, 93 N.W. 494, the county treasurer discovered in December 1901 that Siberling, as guardian for certain minors, had in his possession on January 1, 1896, certain moneys and credits which were withheld from taxation for that year. The county treasurer made an assessment and then a written demand on Siberling in December 1901. In affirming the trial court we held that the assessment be set aside because the treasurer failed to make the assessment within five years from the date it should have been made. In so holding we determined the five-year limitation commenced on the first Monday in April 1896 which was the time provided by law for turning the assessment rolls over to the board of review.

Subsequent Code provisions require the assessor to submit the complete assessment rolls to the board of review by the first Monday in May of each year. Section 441.17(7). The five-year period of limitation contained in sections 443.12 and 443.13 therefore began to run upon the first Monday in May of each of the years 1956, 1957, 1958 and 1959.

In Thornburg v. Cardell, 123 Iowa 313, 95 N.W. 239, plaintiff-treasurer in November 1900 brought an action under section 1374 to collect money and credits tax for the years 1895, 1896 and 1897. We held the treasurer was prevented by the five-year limitation in section 1374 from collecting taxes for the year 1895. We rejected the argument of the treasurer that since the omitted property might have been placed upon the tax lists up to December 31, 1895, the five-year limitation had not run. At page 317, 123 Iowa, page 241, 95 N.W., we say:

"The language of section 1374 is that the treasurer may bring action 'at any time within five years from the date at which

such assessment should have been made,' and the omission of the taxpayer which constitutes such fault on his part as to justify the extraordinary remedy provided for by Code, section 1374, is the omission to have his property duly returned by the assessor. Galusha v. Wendt, 114 Iowa 597, 606. We think, therefore, that the five-year limitation on the treasurer's right to act under section 1374 is to be computed from the completion of the work of the assessor, to-wit, April 1st. It is not material, in construing this language of the statute, to determine when the treasurer might have first brought suit, but only to determine what is the limitation on his right to bring suit thereby imposed. Our conclusion is that plaintiff's action was brought too late to entitle him to recover for taxes omitted from assessment in 1895."

Defendant, as did the trial court, relies strongly on Shearer v. Citizens' Bank, supra, 129 Iowa 564, 105 N.W. 1025. There the taxpayer was alleged to have omitted property subject to moneys and credits assessment for 1899. The assessment and demand for the alleged omitted tax were made in November and December 1903. The treasurer commenced his action to collect the tax on November 8, 1904. The treasurer asserted that since he assessed the property on December 26, 1903, and no appeal was taken the action was not barred by the limitation contained in section 1374. We rejected this contention and held making of the assessment and demand during the five-year period of limitation did not toll the running of the period contained in section 1374. At page 566, 129 Iowa, page 1026, 105 N.W., we say:

"Assuming that demand was made in time, the question is when must the action be commenced in court? Appellant does not answer this question, except inferentially. It seems to us that under the most favorable construction of the statute for appellant this action must be brought within thirty days after expiration of the five-year period, * * *."

We held the trial court properly sustained defendant's demurrer.

Shearer v. Citizens' Bank, supra, decides the issue in this case. Appellant concedes that unless his case can be distinguished from Shearer or that it be overruled by us he cannot prevail.

■ III. Appellant argues Shearer v. Citizens' Bank, supra, and other related cases should be distinguished on the ground they were merely dealing with the effect of section 1407 (a) of the 1902 Supplement to the Code. That law which is commonly referred to as "the tax ferret law" became effective by publication on April 2, 1900, and was repealed effective on February 25, 1911. It provided that when a county employee called the treasurer's attention to omitted property the treasurer was required to give the person in whose name the proposed assessment was to be made a ten-day notice by registered letter. It also provided an appeal might be taken to the district court from final action by the treasurer. A reading of section 1407 (a) reveals it merely amplified section 1374 and created additional steps the treasurer was required to take before he could list and assess the taxpayer's omitted property. Lambe v. McCormick, 116 Iowa 169, 171, 89 N.W. 241, 242.

Section 1407 (a) did not change the time when omitted property should be assessed nor the limitation period expressly stated in section 1374. Bennett v. Finkbine Lumber Co., 199 Iowa 1085, 198 N.W. 1.

We find no valid distinction between Shearer v. Citizens' Bank and the case at bar.

■ IV. We are not inclined to overrule Shearer v. Citizens' Bank. It was decided almost sixty years ago and the construction given section 1374 (sections 443.12 and 443.13 since 1924) has evidently met the approval of each successive legislature, and under such circumstances we should not change it. Robey v. State Ins. Co., 146 Iowa 23, 124 N.W. 775; Jones v. Mould, 151 Iowa 599, 132 N.W. 45; Anfinson v. Cook, 224 Iowa 833, 276 N.W. 762; Trinity Lutheran Church v. Browner, 255 Iowa 197, 121 N.W.2d 131, and citations.

■ Volume 21 C. J. S., Courts, section 187, says: "Under the stare decisis rule, a principle of law which has become settled by a series of decisions generally is binding on the courts and should be followed in similar cases. * * *."

In section 214 it is said: "This rule is especially applicable where the construction placed on a statute by previous decisions has been long acquiesced in by the legislature, by its continued

use or failure to change the language of the statute so construed, the power to change the law as interpreted being regarded, in such circumstances, as one to be exercised solely by the legislature."

Goodman v. Henry L. Doherty & Co., 218 Iowa 529, 531, 255 N.W. 667, 668, states: "Precedents are the stepping stones of the law in its goings. Once placed, they should not be lightly displaced. Such, broadly, is the reason why an appellate court consents to the overruling of a prior decision only in a very exceptional case."

Appellant has failed to show Shearer v. Citizens' Bank is palpably wrong. The rule of stare decisis is controlling here. We decline to change the meaning given the statute for almost sixty years.

The trial court's order dismissing appellant's petition was proper.—Affirmed.

All JUSTICES concur.