DONALD COVER, Treasurer of Linn County, for use of Linn County, appellant, v. MR. AND MRS. MULLER KOEPER, appellees.

No. 51818.

(Reported in 137 N.W.2d 594)

OCTOBER 19, 1965.

**36**

Jack M. Fulton, Linn County Attorney, and Thomas J. Wilkinson, Jr., Assistant County Attorney, of Cedar Rapids, for appellant.

T. M. Ingersoll and Shuttleworth & Ingersoll, of Cedar Rapids, for appellees.

MOORE, J.—On October 19, 1964, plaintiff, Linn County Treasurer, filed his petition at law under sections 443.12 and 443.13 of the applicable Codes to recover taxes on omitted property. He alleged defendants during 1955, 1956, 1957 and 1958 owned moneys and credits subject to taxation but not listed therefor, at the direction of the state tax commission plaintiff made an additional assessment on December 15, 1959, for tax owed by defendants for each year and made demand on them for payment of said amounts on December 16, 1959, and repeated his demand on September 17, 1964. Plaintiff further alleged defendants failed to pay within thirty days after demand and asked judgment for the tax unpaid for each year plus interest and fifty percent penalty.

Defendants were served with notice of plaintiff's action on October 21, 1964. On November 16 defendants filed a motion to dismiss the petition because plaintiff failed to commence action within thirty days after the expiration of the five-year period prescribed by Code section 443.12 and also the petition showed the action was barred by the provisions of Code section 614.1(5), commonly referred to as the general statute of limitation.

On submission of defendants' motion to dismiss the trial court stated it would be sustained primarily because of the holding of Shearer v. Citizens' Bank, 129 Iowa 564, 105 N.W. 1025.

On December 30, 1964, the trial court entered a formal order sustaining the motion. Plaintiff elected to stand on his pleadings by not pleading further within seven days and thereby allowed

the order to become a final adjudication in the trial court. Rule 86, Rules of Civil Procedure. Plaintiff then appealed.

The sole issue presented here is whether plaintiff's action was commenced within the time prescribed by law.

This and two other cases, all brought by the same plaintiff, involving the same issue were argued and submitted to us on the same day. We have had the benefit of well prepared briefs in each case.

Simultaneously with the filing of this opinion we are filing our opinion in Cover v. Craemer, 258 Iowa 29, 137 N.W.2d 595, which considers and discusses in detail the statutes involved and the applicable principles of law. We there hold plaintiff's action was not commenced within proper time.

Our holding in Cover v. Craemer, supra, is decisive of this appeal.—Affirmed.

All JUSTICES concur.