## FRIEMANSDORF *v.* WATERTOWN INSURANCE CO.

*(Circuit Court, N. D. Illinois.* November 21, 1879.)

FIRE INSURANCE—MORTGAGOR AND MORTGAGEE—PARTY TO SUIT.—In an action upon a policy of insurance on mortgaged premises, the mortgagee is not a proper party plaintiff, where the policy was issued to the mortgagor, although made payable to the mortgagee.

BREACH OF CONDITIONS.—Any breach by the mortgagor of the conditions contained in such policy will avoid the same.

RESTORATION OF PROPERTY.—If the injured property is repaired by the mortgagor, no right of action remains upon the policy.

*Gary, Cody & Gary* for defendant.

*Hoyne, Horton & Hoyne,* for plaintiff.

BLODGETT, J.   This is a suit brought on a policy of insurance issued by the defendant insurance company, dated the second day of February, 1877, to one Nigg, whereby the defendant insured George Nigg to the amount of $1,500, against loss by fire or lightning, etc., on a two-story frame dwelling house, situate on lot 2, in block 31, in Cooksville, Illinois, loss, if any, payable to Henry Friemansdorf, as his interest may appear.

The suit is brought in the name of Friemansdorf, and the plaintiff avers that the policy was issued for the sole purpose of insuring the plaintiff, Friemansdorf; that a full disclosure was made to the defendant's agent of the plaintiff's interest, and that the defendant chose the form of policy which was issued; that the plaintiff paid the premium and has the sole right of action. The declaration, of course, avers the loss by fire of the property insured, and states that the plaintiff Friemansdorf had an interest to the extent of $1,000 in the premises as mortgagee.

There are three pleas interposed to this declaration:

The first is, that the policy contained a clause that other prior or subsequent insurance, without the written consent of the defendant, should void the policy; and avers that there was at that time a policy outstanding held by Nigg, the mortgagor, issued by the Farmers' Fire Insurance Company, of Philadelphia, which was in full force at the time of the loss.

The second plea invokes the same clause of the policy, and avers that in violation of that clause of the policy there was outstanding at the time of the loss another policy of insurance issued by the Farmers' & Drovers' Insurance Company of Louisville, Kentucky, to Henry Nigg, and that the same was in force at the time of the fire aforesaid.

The third plea states that after the loss Nigg, the mortgagor, and owner of the equity of redemption of the premises, fully repaired the premises, without any expense to the plaintiff, whereby the plaintiff has sustained no loss or damage by reason of the said fire.

To these pleas the plaintiff has interposed a general demurrer, and on the part of the defendant it is claimed that as no plea of the general issue now appears upon the record, that this demurrer should be carried back to the declaration, and the question is made upon the argument of the demurrer that this suit cannot be maintained in the name of Friemansdorf, the mortgagee, and to whom the loss is to be payable.

I have no doubt but what the authorities, both in the state of Illinois and the United States, have now settled the law beyond all question or challenge, as far as this court is concerned, that upon a policy like this, issued to a mortgagor, and with the loss, however, directed to be paid to a mortgagee or any other encumbrancer or lienholder, the suit must be instituted in the name of the mortgagor, and cannot be instituted in the name of the mortgagee or the person to whom the loss is made specifically payable. The contract is really between the insurance company and the owner of the property, to whom the policy is issued. Legally, the contract is between the insurance company and the person to whom the policy runs, not to whom it or some portion of it may be made payable

in the event of a loss. Such is the uniform holding of the Illinois cases; and in the case of *Bates* v. *The Equitable Insurance Company*, reported in 10 Wall. 33, the same principle is established. In that case Philbrick, the party insured, received a policy, and afterwards he wrote upon the back of the policy, "Payable in case of loss to E. C. Bates," and signed "W. E. Philbrick," who was the original party to whom the policy was issued, and the agent of the company wrote underneath this indorsement by Philbrick as follows: "Consent is hereby given to the above indorsement. Equitable Insurance Company, by Frederick W. Arnold, Secretary;" so that it, in legal effect, made the policy precisely like the one now before us; that is, a case of a policy with loss, if any, payable to E. C. Bates, as his interest may appear. And the supreme court there held that the suit must be maintained in the name of Philbrick; that Philbrick was the insured, and any breach of the conditions of the policy by Philbrick voided the policy.

The same rule is held in the case of Fitch, reported in 51 Ill., and in the case of the Home Insurance Company, reported in 53 Ill., so that I have no doubt the law is well settled in this state as well as in the federal courts, as I have already stated.

There is a series of cases in the state of New York, commencing since the adoption of their code of practice, which requires that all suits shall be instituted in the name of the party in interest, where the courts have allowed a suit to be prosecuted in the name of the person to whom the loss was payable, where it was made to appear that the entire sum insured, or due, upon the policy, was going to the party bringing the suit, because such person was really the only person actually interested in the event of the suit. And the same rule has been held in the state of Wisconsin, because the state of Wisconsin has adopted, bodily almost, the New York Code; and there are a few cases in some of the other states depending upon similar reasons. But the general scope of authority throughout the United States, unless it is otherwise held by reason of some statutory legislation, has been and now is, undoubtedly, that all this class of policies

are really to be held as contracts between the insurance company and the mortgagor, and that any act on the part of the mortgagor which voids the policy, such as the violation of any of the conditions of the policy, is good as against the mortgagee or the person to whom the loss is payable.

The same rule is also applicable to the pleas that are interposed in this case. The pleas set up that there were outstanding policies, in violation of the conditions of this policy —other insurance, in other words, outside of the insurance upon this property which the insurance company had the right to stipulate, in favor of Nigg—and by reason of such other insurance these policies have become void.

This policy sued upon having been issued to Nigg, I have no doubt that, although the loss was made payable to Friedmansdorf, he must lose the benefit of his insurance if there has been any violation of the conditions of that policy by Nigg, the mortgagor.

Under the authority of the cases which I have cited this suit, undoubtedly, should have been originally commenced in the name of Nigg. That is a mistake, however, which the plaintiff can now remedy, undoubtedly, by amendment, if he sees fit to do so. But the question arises whether, if the facts stated in these pleas are true, there would be any use of amending. If it is true that there were outstanding policies upon these premises in favor of George Nigg, contrary to the stipulations of the policy, and which would void it, then it seems to me that those facts would be fatal to the plaintiff's right of action in this case, and that if the demurrer be carried back to the declaration, and the court holds that the declaration is bad, for the reason that the suit could not be brought in the name of the present plaintiff, the amendment would do no good if the facts continue to exist.

With regard to the third plea, that the premises have been repaired, there is undoubtedly a conflict of authority, or an apparent conflict of authority, upon the question as to whether this defence can be set up. I do not think, however, that a careful examination of all the cases will show that there is

really any conflict of authority upon the subject. All the cases that I have examined—I have not had time to examine all of them—that have been cited in the brief of counsel, but those which I have examined have been cases where the policy was issued directly to the mortgagee. It has been held by the courts for many years past that a mortgagee could insure his interest in the premises by a policy of insurance running directly to himself, in which case the entire privity of the contract is between the insurance company and the mortgagee, to whom the policy runs. Upon that class of policies there has been a conflict as to whether, in case the premises were sold by the mortgagor, there was any right of action in favor of the mortgagee. But I think the better rule in reference to this class of questions is the one laid down by the supreme court of the state of New York, that a policy like this is not to be held as a policy issued to the mortgagee at all—not the insurance of the mortgagee's interest. It is an insurance of the mortgagor's interest in the property; but the mortgagor has, by the terms of the policy itself, directed the payment of the loss to the mortgagee to the extent of the mortgagee's interest, so that really the privity of the contract is all between the mortgagor and the insurance company.

In the class of cases which I have referred to where the conflict has occurred, it has been claimed on one side that the policy was issued for the purposes of direct indemnity to the assured, and that in case of loss the right of action enured to him, notwithstanding there might have been a complete reparation of the property by some other person than the insurance company; yet, a cause of action having arisen, the assured, having paid his premium, had the right to the indemnity which he had stipulated for. On the contrary, the other class of cases which have been passed upon, and the rule laid down, holds that where there is insurance effected for the benefit of the mortgagee, it must be concluded to be solely an insurance that the property shall remain unimpaired as security—that is, that there shall be no diminution of the value of the property as security for the mort-

gagee, and if there is really no such diminution there is no right of action, because he has sustained no loss.    And there being no rule in the federal courts upon that subject, and this court having the right to assume and adopt such rule as it considers the most consonant with equity and justice, under the circumstances—having the right in a case of conflict between the state authorities to adopt that which seems to be the most consonant with justice—I think that the reasoning of the court in the case of the *Insurance Company* v. *Royal*, reported in 55 N. Y., is the most satisfactory.    There it is held that the only purpose of the policy is to prevent a diminution or impairment of the mortgagee's interest in the property—its capacity to pay the mortgagee's debt; if that remains unimpaired, if the property is as good or is made as good after the fire as it was before, by reason of some other person's reparation of the property, that there is no right of action.

In this case the demurrer will be carried back, of course, under the pleadings and form of the suit, to the declaration, and the demurrer will be sustained to the declaration.

I have already intimated that I do not know what course counsel will feel disposed to take, but it seems to me that there is very little use in amending the declaration if the fact exists that is stated in the pleas.

Mr. Hoyne: I would like to have time to consider whether I will amend or not.

The Court: Demurrer carried back to the declaration, and plaintiff has ten days to elect whether he will stand by his demurrer or not.