## BARTLETT v. THE FIREMAN'S FUND INSURANCE COMPANY.

1. **Fire Insurance:** ADMISSIONS OF AGENT: WHEN BINDING ON COMPANY: EVIDENCE. Defendant's agent was empowered to adjust and pay the loss in question if defendant was liable. While acting within the scope of his authority, and with reference to the loss in question, he admitted that the defendant would be liable but for the existence of a certain mortgage upon the property when the policy was issued. *Held* that these admissions were binding on defendant, and that it was competent to prove them against defendant to establish plaintiff's claim (denied by defendant) that defendant had assumed the risk by an agreement with the company which issued the policy.

2. **Evidence:** ADMISSION: ERROR WITHOUT PREJUDICE. There is no prejudicial error in admitting evidence when the fact which it tends to prove is established by other competent and uncontradicted evidence.

3. **Fire Insurance:** AGREEMENT TO REINSURE: STATUTE OF FRAUDS. The statute of frauds has no application to a contract entered into by one insurance company with another, whereby the first company assumes absolutely the risks taken by the second one. It is not a contract to answer for the debt or default of another.

4. **Instructions:** ERROR WITHOUT PREJUDICE. Plaintiff in his reply pleaded an estoppel, but the evidence did not tend to support it, yet the court submitted the question to the jury. But the only effect of the estoppel, if it had been proved, would have been to establish a fact which was otherwise fully established. *Held* that the submission of the question could not have prejudiced defendant, no matter how the jury found upon it.

5. **Fire Insurance:** PROVISION AGAINST MORTGAGE: WAIVER BY AGENT. If an agent who takes a risk of fire insurance knows at the time that the property is mortgaged, it is a waiver for the company of a clause in the policy that it shall be void if the property is encumbered.

*Appeal from Muscatine District Court. —* Hon. CHARLES H. WATERMAN, Judge.

FILED, FEBRUARY 5, 1889.

THIS is an action on a policy of insurance against loss or damage by fire. The policy was issued by the New York Alliance. Plaintiff alleged in his petition that defendant, by contract with that company, reinsured the property, and thereby became bound to pay the loss. Defendant's answer contains a general denial. It also alleged that the policy was void because of the existence of a mortgage upon the property,—there being a provision that "if the property, or any part thereof, is, or shall hereafter be, encumbered, without the consent of the company written herein, then, and in every such case, this policy shall be void;" and consent thereto was not indorsed on the policy. Plaintiff pleaded in his reply that the company issuing the policy had knowledge, at the time, of the existence of the mortgage, and that the provision was waived. He also alleged that when defendant was notified of the loss it did not deny that it had reinsured the property, but refused to pay solely on the ground that the policy was void because of the violation of the provision against encumbrances, and that, relying on the belief that defendant was liable, he had omitted to prosecute any action against the company that issued the policy, and that he could not now maintain such action, because of the lapse of time since the loss,—there being a provision in the policy barring the right of action thereon after one year from the date of the loss, and said company having ceased to do business in this state; and he alleged that by reason of these facts defendant is estopped from denying that it had reinsured the property. There was a verdict and judgment for plaintiff, and defendant appeals.

*J. Carskaddan*, for appellant.

*Cloud & Doran* and *E. F. Richman*, for appellee.

REED, C. J.—I. To establish the allegation that defendant had reinsured the property, plaintiff offered, and against defendant's objection was permitted to introduce, in evidence two letters written by one Thomas S. Chard, manager of defendant's business at Chicago; and it

1. FIRE insurance: admissions of agent: when binding on company: evidence.

was proven that Muscatine, where the property insured was situated, was included in his district. The first of these letters was written after the loss, but before Chard was informed of it. In that letter he informed plaintiffs that defendant had reinsured all of the western risks of the New York Alliance, and solicited a renewal with defendant when the policy should expire. The other letter was written after he was informed of the loss, and was in answer to one written to him on the subject. In it he also admitted the contract of reinsurance, but refused to pay the loss, on the ground that the policy was void because of the existence of the mortgage when it was issued. Plaintiff was also permitted to give evidence of declarations and statements of Chard to the same effect, in an interview subsequently had between the parties. The objection urged against the admission of this evidence is that it tended simply to prove the admissions of the agent, made subsequent to the transaction sought to be established; and it was contended that its admission was in violation of the rule that the admissions of an agent are receivable in evidence against the principal only when they constitute part of the *res gestæ*. We are of the opinion that the letter last written by Chard was properly admitted in evidence; also that his admissions and declarations subsequently made, in the conversation with plaintiff, are admissible. The admissions related to a past transaction, it is true. It may also be conceded that they related to a transaction with which he had no connection. But they were made while he was acting within the scope of his agency, and they related to the subject with reference to which he was empowered to act for the principal. He was empowered to adjust and pay the loss, if the company was liable. The question of liability was the matter intrusted to him by the principal, and it was to that question that the admissions related; their substance being that but for the existence of the mortgage when the policy was issued the company would be liable. The evidence which tended to establish them was

admissible, under the rule laid down in *McPherrin v. Jennings,* 66 Iowa, 622. See, also, the authorities cited in that case.

2. EVIDENCE: admission: error without prejudice.

The evidence as to the admissions was uncontradicted, and it was sufficient to establish the alleged contract of reinsurance; there being no other evidence on that question. On that state of the case it might be conceded that the first letter should have been excluded, and yet we could not reverse on that ground. The fact which it tended to prove being established by other competent and satisfactory evidence, and there being no conflict in the question, its admission could have worked no possible prejudice to defendant.

3. FIRE insurance: agreement to reinsure: statute of frauds.

II. It was contended that the agreement to reinsure the property was within the statute of frauds, and could not be established by parol. But this position is not tenable. An agreement to reinsure is not an undertaking to answer for the debt or default of the first insurer, but is an original undertaking, entered into with him, to indemnify the owner of the insured property in case a loss occurs. It is in no sense a contract of guaranty or suretyship, but under it, as between the immediate parties, the reinsurer assumes the risk absolutely. He takes the place of the first insurer, assuming his liabilities, and is bound in any event to answer for the loss, either to him or to the owner of the property, and the statute of frauds has no application to a contract of that nature.

4. INSTRUCTIONS: error without prejudice.

III. The district court, by instructions which are abstractly correct, submitted to the jury the question of estoppel pleaded in the reply. The exception taken to that portion of the charge is that there was an entire absence of evidence tending to prove some of the essential elements of the estoppel pleaded. That claim may also be conceded. Indeed, we think, upon grounds other than that urged by counsel, the question ought not to have been submitted to the jury. The only effect of the estoppel, if it had been proven, would have been to establish the alleged

contract of reinsurance. But that fact, as we have seen, was otherwise proven, and, with that fact established, defendant could not be prejudiced, either by the submission of the question of the estoppel to the jury, or their erroneous finding upon it.

IV. It was contended that the finding implied by the general verdict, that the agent of the New York

5. Fire insurance: provision against mortgage: waiver by agent.

Alliance, who accepted the risk and issued the policy, at the time knew of the existence of a mortgage on the property, is not supported by the evidence. It must be admitted that evidence tending to prove that fact was meager, but we cannot say there was no evidence on the subject; and hence, under the rule that has long prevailed in this court, we will not disturb the verdict. The instruction of the court that, if the agent did know of the existence of said mortgage when he accepted the risk, the provision of the policy relied on was waived, is correct; being in accord with the former holding of the court on this subject. We find no ground for disturbing the judgment, and it will therefore be

AFFIRMED.