## LEWIS v. THE BURLINGTON INSURANCE COMPANY.

1. **Insurance : NOTICE OF LOSS.** A provision in an insurance policy, that "in case of loss the assured shall forthwith give notice thereof to the secretary in writing," is sufficiently complied with by giving the notice to the company directly, within the time prescribed by chapter 211, section 3, Laws of 1880.

2. —————— : INJURY TO CATTLE : DAMAGES : EVIDENCE. In an action upon an insurance policy to recover for damage to insured cattle, the measure of plaintiff's damages was the difference in the value of the cattle immediately before and after the injury, and evidence as to what he sold some of the cattle for some time after they were injured was properly excluded.

3. —————— : PROOFS OF LOSS AS EVIDENCE. Proofs of loss furnished the company by the insured are not competent evidence to establish, on the trial, the facts connected with the loss ( *Neese v. Insurance Co.*, 55 Iowa, 605 ); but such proofs, with the company's indorsement thereon, may be introduced to show when the company received them.

4. —————— : DAMAGE TO HOUSE AND BARN : COMPETENCY OF WITNESSES. The mechanics who built a house and barn in 1882, 1883 and 1884, and who visited them in the spring of 1885, and again after their injury by a cyclone in June of that year, were competent to testify as to the amount in which they were damaged.

5. —————— : DEFENSE : PREMIUM NOTE UNPAID : COPY NOT ATTACHED TO POLICY. Where a past-due premium note was set up to defeat a recovery upon a policy of insurance, *held* that it could not have that effect where a copy of it was not attached to the policy, as required by chapter 211, section 2, Laws of 1880, even though such copy was attached to another policy issued to plaintiff at the same time, and the note was for premium due on both policies.

6. —————— : —————— : FALSE REPRESENTATIONS : EXTENT OF LIENS. Where the evidence was conflicting as to whether the unpaid amount of judgments which were liens upon the insured property was in excess of what plaintiff in his application represented, and as to whether a subsequent judgment was or was not a lien on the premises by reason of their being a homestead, and these questions were considered by the court which tried the case, *held* that this court could not reverse a judgment for plaintiff on the ground that it was against the evidence on these points.

*Appeal from Mitchell District Court.*—HON. G. W. RUDDICK, Judge.

FILED, MAY 24, 1890.

ACTION on a policy of insurance to recover for damages to a dwelling-house, barn and cattle of plaintiff, caused by a tornado. The cause was tried by the court, and a judgment rendered in favor of plaintiff. The defendant appeals.

*F. F. Coffin*, for appellant.

*W. L. Eaton* and *J. H. Sweney*, for appellee.

ROBINSON, J.—On the twentieth day of October, 1884, defendant issued to plaintiff two policies of insurance on the property in controversy. They were for the term of five years; and one insured plaintiff against loss or damage by fire and lightning, while the other, the one upon which this action is founded, insured him against loss or damage by tornadoes, cyclones and wind storms. The tornado policy recites that it was issued "in consideration of a portion of the premiums written in the fire and lightning part of this policy." The consideration recited in that is $75.80. Notes were given for the amount of the premiums. In June, 1885, the barn was blown down, the dwelling-house was damaged, and the cattle were injured, by a tornado. The defendant denies liability under the policies, and alleges, by way of defense, that, of the premium notes given for them, one was due and unpaid at the time the loss occurred, and that, by the terms of the policies, they were suspended by such non-payment, and hence were not in force at the time of the loss. For a further defense, defendant alleges that plaintiff, in his application for insurance, stated and warranted that there were judgments against him only to the extent of twenty-five hundred dollars, and that the same would be paid, whereas there were judgments against him which amounted in the aggregate to five thousand dollars; that plaintiff permitted his property to be further incumbered, contrary to the terms of his insurance, by allowing a judgment to be taken against him on the

twenty-fifth day of April, 1885; also, that proof of loss was not made to defendant as required by the contract of insurance. This case was before this court on a former appeal. See 71 Iowa, 97.

I. The policy in suit provides that "in case of loss or damage the assured shall forthwith give notice thereof to the · secretary, in writing."

**1. INSURANCE: notice of loss.** Appellant complains that plaintiff was permitted to show that notice was sent to it, and not to its secretary. The complaint is without merit. The requirement for notice to the secretary must have been for the purpose of securing direct notice to defendant, rather than constructive notice through agents who were not charged with the duty of receiving such notice. The purpose of the requirement was fully accomplished by sending the notice to the company. Moreover, the answer admits the receipt of notice of loss about the tenth day of July, 1885, or within the time required by chapter 211, section 3, Acts Eighteenth General Assembly.

II. Plaintiff sold some of the injured cattle after they were injured. Appellant complains of the refusal

**2. ——: injury to cattle: damages: evidence.** of the court to allow it to show for what they sold. One of the cattle in question was sold a year and a half after it was injured. The date of the sale of the others is not shown. The offered evidence was properly refused. The measure of damage was the depreciation in the value of the cattle caused by their injuries, and that could have been ascertained by showing their value immediately before and immediately after they were injured. It was not claimed that the prices for which the cattle sold were their fair value immediately after the injuries in question were received.

III. Appellant complains of the admission in evidence of the proof of loss which plaintiff furnished it

**3. ——: proofs of loss as evidence.** on the tenth day of July, 1885. It was held in *Neese v. Insurance Co.*, 55 Iowa, 605, that such proof of loss was not competent evidence to establish the facts connected with the loss

on the trial.    It is claimed that it was introduced in this case to prove, by an indorsement made thereon by defendant, when it was received.    If that was a matter in dispute, the proof and indorsement were proper to show the fact.    The pleadings admit the receipt by defendant of the proof introduced in evidence "about" the date claimed to be shown by the indorsement; and no prejudice could have resulted from its introduction. We do not understand that it was offered or considered by the court to establish any disputed claim in the case.

IV.    Appellant insists that the court erred in admitting the testimony of a carpenter named Dillage in regard to the damage to the house and barn,

**4. ——: damage to house and barn: competency of witnesses.** on the ground that it was not shown that he knew their condition immediately preceding the storm which caused the damages.    The witness testified that he knew the premises in question; that he built the house in 1882, and the barn in 1883, completing it in 1884.    They stood near each other. It is not claimed that they had been injured in any manner excepting by proper use and wear, and the ordinary effect of the elements, prior to the storm in question.    The witness visited the place the spring preceding the storm, and again two weeks after it.    Under the circumstances, we think, his evidence was competent.    It is well known that property of that kind depreciates in value but little, from year to year, from the effects of ordinary wear and use, and exposure to the elements, and unusual damage will not be presumed.    What we have said in regard to the carpenter applies, in substance and effect, to the testimony of the mason Covey.

V.    In reply to the defense of defendant, that the plaintiff failed to pay his premium note, due before the loss in controversy occurred, at maturity,

**5. ——: defense: premium note unpaid: copy not attached to policy.** the plaintiff contends that the defense is not available, for the reason defendant failed to attach a copy of the note to the policy in suit.    Appellant, however, insists that the contract of

insurance included the two policies, and that a copy of the note was attached to the fire and lightning policy, which was referred to in the policy in suit; hence, that the requirements of section 2, chapter 211, Acts Eighteenth General Assembly, were fully met. The policy in suit, as to terms and conditions, seems to be complete in itself, and has a copy of the application for insurance attached. The question now presented by appellant was decided adversely to its present claim on the former appeal, and that decision is the law of the case, and must stand. See 71 Iowa, 98. The determination of that question disposes of others discussed by counsel which depend upon it.

VI. Appellant contends that the evidence shows that the representation of plaintiff, in his application 6. ———: ———: for insurance, that the incumbrance on his false representations: land was twenty-five hundred dollars in extent of judgments, was false. It appears that liens. the judgments against plaintiff, as they appeared of record when the application was made, largely exceeded that amount; but it is shown that prior to that time large payments had been made on them, and that the amounts actually due were much less than the records appeared to show. There was also dispute as to whether the judgment of April, 1885, became a lien upon the insured buildings by reason of the homestead character of the land upon which they stood. The various questions thus presented were considered by the court, and we cannot say that its findings and conclusion were not authorized by the evidence.

VII. Other questions discussed by counsel are disposed of by what we have already said, or are not of sufficient importance to receive special mention. We have examined them without finding prejudicial error. The judgment of the district court is

AFFIRMED.