No. 6251.

# SAMUEL SINGERMAN vs. THE NATIONAL FIRE INSURANCE COMPANY.

## Syllabus.

When a policy against a fire in favor of the owner is assigned to a mortgagee, the latter cannot recover if it is shown that after the assignment there was a violation of the conditions of the policy by the owner; the assignee of the policy has no greater rights than the assignor.

When a policy contains the conditions that it shall be void if the buildings insured are allowed to remain vacant for ten days, such condition is a warranty, and the insurer is not liable for a loss occurring during such vacancy.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 104,790. Honorable T. C. W. Ellis, Judge.

A. D. Danziger, for plaintiff and appellee.

Parkerson & Parkerson, for defendant and appellant.

Dinkelspiel, Hart & Davey, J. D. Nix, Jr., W. W. Wright, attorneys.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a suit on a fire insurance policy.

The petition alleges that on September 16th, 1911, the defendant issued its policy for $2,500.00 in favor of Mary Brickley, owner for three years on "the two-story frame slated building and additions thereto while occupied by owner or tenant as a dwelling * * * all situate No. 2514 S. Prieur Street in New Orleans;" that on November 25th, 1911, Mary Brickley assigned her interest "to holder of mortgage notes as interest may appear;" that

petitioner was then and is now holder of a note of $1,200 secured by mortgage on said property; that in the suit of **Twomey vs. Mary Brickley** petitioner seized this property on February 28th, 1913; that on the same day notice of said seizure was acknowledged by defendant company; that on April 2nd, 1913, said property was destroyed by fire; that the bare lot was sold for $500.00 leaving a surplus of $239.84 after paying the costs and attorney's fees; that the Insurance Company has refused to pay the loss; plaintiff therefore claims judgment for $960.16 with interest, damages and attorney's fees under Act 168 of 1908.

The defendant company answered that the policy was void for reasons;

1st. Because it insured what it believed to be a completed building, while it was only in process of construction.

2nd. Because at the time of the fire and for at least a year prior thereto to the knowledge of the insured, and without the knowledge or consent of respondent the said building was vacant.

3rd. Because said building was used at intervals as a negro church to the knowledge and with the consent of the insured and without the knowledge or consent of the defendant.

4th. That all the conditions of the policy apply to the plaintiff as mortgagee.

Mary Brickley intervened and prayed for judgment in her favor for the balance of the policy, $1,529.84, also with damages and attorney's fees.

The defendant answered the intervention reiterating its original defense, and denying that the property was worth $2,500.00.

The sheriff also intervened, claiming judgment in his favor.

There was judgment in favor of plaintiff for $960.16, and in favor of intervenor, Mary Brickley, for $1,039.86, and defendant has appealed.

Plaintiff and intervenor have asked that the judgment be increased to the amount they claimed.

The intervention of the sheriff was dismissed and he has not appealed.

The lines 56 to 59 of the policy contain the clause that "if an interest under this policy shall exist in favor of a mortgagee the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon. The acknowledgment and consent of the transfer is made with this condition:

> "Notice is accepted that loss, if any, under this policy shall be payable to holder or holders of mortgage notes as interest may appear, subject, nevertheless, to all the terms and conditions of this policy."

The rights of the mortgagee, transferee, are therefore, under the contract, as evidenced by the policy, the same as those of the owner insured. But without this special reservation they would have been the same under a policy in the name of the owner transferred to the mortgagee, under the jurisprudence of this State.

50 A., 1243; 30 A., 1386, 1387; 49 A., 1367, 1276; 15 A., 651; 83 Iowa, 647; 1 Fed., 68; 119 Mass., 240.

"Where a policy against fire is assigned to a mortgagee, with the assent of the insurer, in case of loss, the assignee cannot recover it if it can be shown that after the assignment there was a breach of the conditions by the assignor, such as effecting additional insurance."

> Flanders on Fire Insurance, Second Ed., p. 502, Sec. 11 ,and notes; 43 Mo., 434; 19 Cyc., p. 636, Sec. 4.

It was provided in the body of the policy that:

"This policy is made and accepted subject to the stipulations and conditions on back hereof which are hereby specially referred to and made a part of this policy, etc."

Among the conditions on the back of the policy is the following, on line 11:

"This entire policy * * * shall be void if * * * p. 28 a building herein described whether intended for occupancy by owner or tenant be or become vacant or unoccupied and to so remain for ten days."

This condition of the policy is called a warranty, and a violation of it avoids the policy and puts an end to the liability of the insurer.

> 33 A., 1341; 47 A., 1405; 48 A., 223; 52 A., 775; 109 La., 341; 114 La., 146, 152; 36 A., 660.

"The standard form of policy was designed to change the rule that an incidental vacancy does not avoid the policy, unless the risk be increased."

> 10 Cyc., 732, 733, note 94; Tracy vs. Queen City Ins. Co., 132 La., 610 (614); see also, 35 S. W., 26; 14 S. E., 851; 51 N. W., 954.

The evidence of Mary Brickley on the question of vacancy is that no one ever lived in that property or occu-

pied it as a dwelling; that her brother at one time lived in an outhouse in the yard, but that he died in February, 1912.

See her testimony on pages 12, 13, 19 to 23 and pages 2 and 3.

There is no contradiction of this testimony. The only use it was ever put to was for religious services for a short time. See testimony of Minister Heigler, p. 2.

This is not the equivalent of occupying it as a dwelling.

The difference of risk between a building occupied continuously by day and by night as a residence or habitation and as a temporary and occasional meeting place for religious purposes is manifest.

The judgment of the lower Court is therefore reversed, and it is now ordered that there be judgment in favor of the defendant dismissing the demand of the plaintiff and intervenor at their cost in both Courts.

Judgment reversed.

Opinion and decree, December 21st, 1914.

Rehearing refused, both applications, January 18th, 1915.

Writ denied, February 25th, 1915.

St. Paul, J., concurs for reasons on file.

St. Paul, J.—I concur in the opinion and decree. I think, however, that the crucial fact in the case is that at the time of the fire the premises were actually vacant and had been vacant for more than ten days.

The point does not arise in the case, and the foregoing opinion does not so hold, but out of excess of precaution I wish to state that I am not prepared to admit that a

vacancy at any time during the term of the policy so far avoids the same that the risk does not revive upon the premises again being occupied.

Concurring opinion, December 21st, 1914.