CITIZENS INSURANCE COMPANY of
New Jersey, a corporation,
Appellant,

v.

FOXBILT, Inc., a corporation,
Appellee.

No. 15306.

United States Court of Appeals
Eighth Circuit.

Nov. 4, 1955.

Robert J. Bannister, Des Moines, Iowa (Bannister, Carpenter, Ahlers & Cooney, Des Moines, Iowa, were on the brief), for appellant.

Frederic M. Miller, Des Moines, Iowa (Thomas B. Roberts, Charles E. Harris, and Brody, Parker, Miller, Roberts & Thoma, Des Moines, Iowa, were with him on the brief), for appellee.

Before SANBORN, COLLET and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment in favor of Foxbilt, Inc., an Iowa corporation (appellee), in an action brought by it in the District Court of Polk County, Iowa, to recover for a fire loss to certain property covered by an Iowa Standard Fire Insurance Policy issued by the Citizens Insurance Company of New Jersey (appellant) on July 21, 1951, for the term of three years. The Insurance

Company removed the case to the United States District Court for the Southern District of Iowa on the ground of diversity of citizenship and amount in controversy. 128 F.Supp. 594. The case was submitted upon a stipulation of facts.

The policy, so far as pertinent, provided that the Company

"does insure Foxbilt, Inc. and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, * * * against all Direct Loss By Fire, Lightning And By Removal From Premises Endangered By The Perils Insured Against In This Policy, Except As Hereinafter Provided, to the property described hereinafter * * *."

The coverage of the original policy, by an endorsement dated January 19, 1953, was, for an additional premium, extended to include, among other items of property located at 504½ Grand Avenue, Des Moines, Iowa:

"Item C. And Improvements and Betterments to buildings, except to buildings owned by the insured or while located on the premises of any manufacturing plant owned or controlled by the insured. This Company agrees to accept and consider the insured in the event of loss in the position of sole and unconditional owner of such Improvements and Betterments, any contract or lease the insured may have made to the contrary notwithstanding."

Liability was limited to $75,000.

The insured occupied, for office purposes, the building at 504½ Grand Avenue under a lease, by the terms of which it agreed, at its own expense, to do such remodeling, decorating and redecorating as might be needed. The lease ran from April 1, 1952, to November 30, 1955. It contained, among others, the following provisions:

"15. That if during the time of this lease the said premises are destroyed or partially destroyed by fire or other casualty so as to render the same wholly unfit for occupancy and if they shall be so badly damaged that they cannot be repaired within ninety (90) days from the happening of such damage in compliance with the laws of the State of Iowa and the City ordinances of the City of Des Moines, then this lease shall cease and become null and void from the date of such damage or destruction; and if said premises shall be so damaged but shall be repairable within ninety (90) days from the happening of such damage, then the rent shall not run or accrue while repairs are being made, and the Lessor shall repair the same with all reasonable speed and the rent shall commence immediately after the said repairs shall be completed. If said premises shall be so slightly injured by fire or other casualty as not to render the same unfit for occupancy, then the Lessor agrees that the same shall be repaired with reasonable promptness and in that case the rent accrued or accruing shall not cease or terminate."

On September 6, 1953, while the insurance was in force, property of the insured in the leased building, together with improvements and betterments, was partially destroyed by a fire. As a result of the fire, the insured property was damaged to the extent of $57,720.16.

The Insurance Company paid the insured, on account of its liability under the policy, $40,000, and offered to pay an additional $2,695.87, which the Company contended was the entire balance due the insured for the fire loss sustained. The $40,000 payment related to loss of or damage to property other than the insured improvements and betterments.

Subsequent to the fire, the improvements and betterments which were de-

stroyed, damaged or injured by the fire and for which the Insurance Company has made no payment to the insured, were completely restored by the lessor of the building, at her expense, under the terms of the lease between the insured and the lessor.

The fire had rendered the leased premises unfit for occupancy. The insured moved its offices temporarily to other leased premises. The damaged building at 504½ Grand Avenue was restored by the lessor so that it could be reoccupied on December 18, 1953. The insured then reoccupied the building. The insured paid no rent to the lessor from September 6 to December 17, 1953.

The parties agreed that if the insured was entitled to recover for the loss of improvements and betterments, the judgment should be for $14,906.22 with interest from January 5, 1954, but that if the insured was not entitled to recover for such loss the judgment should be for $2,695.87 with such interest and costs as the court might deem proper.

The insured contended that, by the terms of the contract of insurance and under the applicable law of Iowa, the Insurance Company was liable for the damage caused by the fire to the improvements and betterments, regardless of the fact that they had been subsequently restored at the expense of the lessor of the building. The Insurance Company claimed that, since the insured had suffered no pecuniary loss on account of the damage to the improvements and betterments, the insured was not entitled to recover for such damage.

The District Court concluded that, under the stipulated facts and the applicable Iowa law, the Insurance Company was, by the terms of its policy, liable to the insured for the damage caused by the fire to the improvements and betterments, despite the fact that the lessor had restored them without expense to the insured.

This Court is not an appellate court of the State of Iowa and establishes no rules of law for that State. The question for review in a case such as this is not whether the trial court has reached a correct conclusion, but whether it has reached a permissible one. National Bellas Hess, Inc., v. Kalis, 8 Cir., 191 F. 2d 739, 741; Kimble v. Willey, 8 Cir., 204 F.2d 238, 243, 38 A.L.R.2d 814; Guyer v. Elger, 8 Cir., 216 F.2d 537, 540–541; Dierks Lumber & Coal Co. v. Barnett, 8 Cir., 221 F.2d 695, 697.

■ If the Insurance Company had, in the instant case, desired a definitive ruling upon the question of its liability under Iowa law, it should not have removed this action, but should have submitted its defense to the District Court of Polk County, Iowa, and should then have appealed to the Supreme Court of Iowa in the event of an adverse decision. Having invoked the jurisdiction of the federal District Court, the Insurance Company can prevail, upon appeal, only if it can demonstrate that the determination of that court was induced by a clear misconception of the local law or a clear misapplication of it to the evidentiary facts. Dierks Lumber & Coal Co. v. Barnett, supra, at page 697 of 221 F.2d.

It is conceded that the Supreme Court of Iowa has not as yet decided the question which the District Court was called upon to decide. That it may be problematical whether the Iowa Supreme Court would reach the same conclusion in a similar case is of no help to the Insurance Company on this appeal. See Buder v. Becker, 8 Cir., 185 F.2d 311, 315. If the question decided was a doubtful question of Iowa law as to which there can be a justifiable difference of opinion, the judgment must be affirmed.

■■ Under the law of Iowa, a fire insurance policy is a contract of indemnity by which the insurer agrees to indemnify the insured against loss or damage to the insured property by fire, not exceeding the amount of the insurance. Chickasaw County Farmers' Mutual Fire Ins. Co. v. Weller, 98 Iowa 731, 68 N.W. 443, 444; Bartlett v. Fireman's Fund Ins. Co., 77 Iowa 155, 41 N.W. 601, 603. Liability under the policy attaches on the happening of the loss. Washburn-Halligan Coffee Co. v. Merchants' Brick

Mutual Fire Ins. Co., 110 Iowa 423, 81 N.W. 707, 708.

The measure of damages under Iowa law, in the event of loss, is ordinarily the difference between the fair market value of the insured property immediately before the fire and its fair market value immediately thereafter, not exceeding the face amount of the policy nor the cost of repair and replacement. Farmers' Mercantile Co. v. Farmers' Ins. Co., 161 Iowa 5, 141 N.W. 447, 454. Cf. Lewis v. Burlington Ins. Co., 80 Iowa 259, 45 N.W. 749, and Britven v. Occidental Insurance Co., 234 Iowa 682, 13 N.W.2d 791.

Since the liability of the insurer is for indemnity against loss to property and attaches on the happening of the loss and since the amount of the liability is determinable as of that time, it reasonably can be argued that the subsequent repair or restoration of the insured property by a third party without cost to the insured cannot relieve the insurer of its accrued liability. That is the law in some of the states.

In the case of Alexandra Restaurant, Inc., v. New Hampshire Insurance Co. of Manchester, 272 App.Div. 346, 71 N.Y. S.2d 515, which is closely analogous to the instant case, a lessor had restored, under a lease, after a fire, improvements which the lessee had insured against loss by fire. The Supreme Court of New York, Appellate Division, held that, under the law of that State, the fact that the lessor had restored the improvements did not affect the insurer's liability under its policy. In support of its decision, the court cited: Foley v. Manufacturers' & Builders Fire Ins. Co., 152 N.Y. 131, 46 N.E. 318, 43 L.R.A. 664; Savarese v. Ohio Farmers' Ins. Co., 260 N.Y. 45, 182 N.E. 665, 91 A.L.R. 1341; Tiemann v. Citizens' Insurance Co., 76 App.Div. 5, 78 N.Y.S. 620; Rosenbloom v. Maryland Insurance Co., 258 App.Div. 14, 15 N.Y.S.2d 304. The rulings in those cases are discussed in the opinion. The Alexandra Restaurant case was affirmed by the Court of Appeals of New York,

297 N.Y. 858, 79 N.E.2d 268. It is apparent that, under the law of New York, the rights of an insurer and the insured under a fire insurance policy are established as of the time of the fire and loss, and that the fact that the insured has ultimately recouped his loss from another source does not relieve the insurer of its liability.

There are also cases in other states which tend to support the views of the District Court in the instant case.

In Foster v. Equitable Mutual Fire Insurance Company, 2 Gray 216, 68 Mass. 216, it was held that a mortgagee's right to recover on a fire insurance policy upon his interest in the mortgaged property was not affected by the repair of the loss by the owner of the equity of redemption. The Supreme Court of Massachusetts said, at pages 220–221 of 68 Mass.:

" * * * The plaintiffs had an insurable interest in the property; the defendants agreed to insure it against a loss by fire; and a loss has occurred. The contingency contemplated by the contract has therefore arisen, and the defendants are bound to pay the amount of the damage. It is wholly immaterial to them, and constitutes no valid defence to this suit, that the property has been since repaired."

See also: Pink v. Smith, 281 Mich. 107, 274 N.W. 727; Dubin Paper Co. v. Insurance Co. of North America, 361 Pa. 68, 63 A.2d 85, 8 A.L.R.2d 1393; Heidisch v. Globe & Republic Ins. Co. of America, 368 Pa. 602, 84 A.2d 566, 29 A.L.R.2d 884.

There is, however, respectable authority opposed to what, for convenience, may be called the New York rule.

In 44 C.J.S., Insurance, § 224, p. 933, it is said:

"Fire insurance is a personal contract with insured, and not a contract in rem, its purpose being not to insure property against fire, but to insure the owner of the property against loss by fire."

In 45 C.J.S., Insurance, § 915, p. 1010, the text reads as follows:

"Since a contract for insurance against fire ordinarily is a contract of indemnity, as discussed supra § 14, insured is entitled to receive the sum necessary to indemnify him, or to be put, as far as practicable, in the same condition pecuniarily in which he would have been had there been no fire; that is, he may recover to the extent of his loss occasioned by the fire, but no more, and he cannot recover if he has sustained no loss."

In support of the last clause of the text, the following cases are cited in footnote 22, 45 C.J.S., p. 1010: Beman v. Springfield Fire & Marine Ins. Co., 303 Ill.App. 554, 25 N.E.2d 603; Patterson v. Durand Farmers Mut. Fire Ins. Co., 303 Ill.App. 128, 24 N.E.2d 740; Ramsdell v. Insurance Co. of North America, 197 Wis. 136, 221 N.W. 654; Schultz, for Use of Whitlock, v. Home Ins. Co., 205 Ill.App. 297; Larner v. Commercial Union Assur. Co., Limited, of London, England, 127 Misc. 1, 215 N.Y.S. 151; Marshall Spinning Co. v. Travelers Fire Ins. Co., 325 Pa. 135, 188 A. 839. In the Ramsdell case, supra, the Supreme Court of Wisconsin held that no loss recoverable under a fire insurance policy was sustained by lessors of a building where it was restored by the lessee, who was also insured and who recovered for the loss from his insurer. In the Schultz case, supra, it was held that the owner of a building under construction, which was completed by the contractor after a fire loss, could not recover from the insurer, since the owner had sustained no pecuniary loss.

Appleman, in Insurance Law and Practice, Vol. 6, § 3861, pages 207–208, says:

" * * * If the damaged property is restored or repaired by a mortgagor or lessee, neither the mortgagee [citing Friemansdorf v. Watertown Ins. Co., C.C.Ill. 1879, 1 F. 68] nor the lessor [citing Ramsdell v. Insurance Co. of North America, 1928, 197 Wis. 136, 221 N.W. 654] would be entitled to recover from the insurer. A few cases have reached a contrary conclusion [citing Pink v. Smith, 1937, 281 Mich. 107, 274 N.W. 727; Savarese v. Ohio Farmers' Ins. Co. of LeRoy, Ohio, 1932, 260 N.Y. 45, 182 N.E. 665, 91 A.L.R. 1341]."

Enough has been said, we think, to show that the question submitted to the District Court in the instant case was and is a doubtful question of Iowa law. The Iowa Supreme Court, were this case before it, might adopt the rule which prevails in New York or it might conclude that the rule contended for by the Insurance Company is the better one. The Insurance Company has not demonstrated, and we think it would not be possible to demonstrate, that the conclusion reached by the District Court was not a permissible one or that it was based upon a misapplication or misconception of the applicable law of Iowa.

While the restoration by the lessor of the betterments and improvements covered by the policy has resulted in a windfall to the insured, the Insurance Company, for a substantial premium voluntarily undertook to indemnify the insured for loss to the betterments and improvements caused by fire. Such a loss did occur, and we think it reasonably may be believed that, under the terms of the policy, construing them most favorably to the insured, the Insurance Company was bound to pay the insured what the Insurance Company would have to pay had the betterments not been restored by the lessor of the building.

The judgment appealed from is affirmed.