Lucille **BURKHARDT**, Appellant,

v.

James **BATES** and Janney Semple Hill & Co., a Minnesota Corporation, Appellees.

No. 16758.

United States Court of Appeals Eighth Circuit.

Nov. 30, 1961.

Supplemental Opinion Jan. 3, 1962.

Upton B. Kepford, Waterloo, Iowa, for appellant. Fred C. Liffring and Kennedy, Kepford, Kelsen & White, Waterloo, Iowa, on the brief.

Charles A. Finch, Waterloo, Iowa, for appellees. Swisher, Cohrt, Swisher & Finch, Waterloo, Iowa, on the brief.

Before SANBORN, MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

This is an appeal by the plaintiff (appellant) from a judgment dismissing with prejudice her complaint on the ground that her claim was barred by the applicable statute of limitations of Iowa.

We are concerned with the question of jurisdiction. The action is one to recover for personal injuries. The complaint alleges that the plaintiff is "a *resident* of Black Hawk County, State of Iowa"; that the defendant James Bates is "a *resident* of the City of Minneapolis, Hennepin County, Minnesota"; and that the defendant Janney Semple Hill & Co. is a Minnesota corporation, with its principal place of business in the City of Minneapolis, Minnesota.

 The diversity which confers jurisdiction on a federal court is diversity of citizenship, and not diversity of residence, as we pointed out in Texaco-

Cities Service Pipe Line Co. v. Aetna Casualty & Surety Co., 8 Cir., 283 F.2d 144. (28 U.S.C. § 1332.) Jurisdiction is to be determined from the allegations of the complaint. Jackson v. Kuhn, 8 Cir., 254 F.2d 555, 559. Lack of jurisdiction of a federal trial court cannot be waived by the parties or ignored by a federal appellate court. Kern v. Standard Oil Company, 8 Cir., 228 F.2d 699, 701. One who invokes the jurisdiction of a federal district court must allege in his complaint the facts essential to show jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135; Illinois Terminal R. Co. v. Friedman, 8 Cir., 208 F.2d 675, 676; Fry v. Layne-Western Company, 8 Cir., 282 F.2d 97, 99.

■ In view of 28 U.S.C. § 1653, providing that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," the plaintiff (appellant) is allowed 20 days within which to amend her complaint to show jurisdiction. If the complaint is so amended, we will decide the case on the merits without further argument. Unless the complaint is amended, the case will be remanded with directions to dismiss for want of jurisdiction.

### Supplemental Opinion

The defective jurisdictional allegations of the complaint have been amended.

■ The factual and legal basis for the conclusion of Judge Graven, who heard this case, that the appellant's personal injury action was barred by the Iowa two-year statute of limitations, I.C.A. § 614.1, subd. 3, is fully and fairly stated by the Judge in his opinion reported in D.C., 191 F.Supp. 149. What he has said need not be repeated or paraphrased by us. Unless we were able to demonstrate that his ultimate conclusion was not a permissible one because induced by a clear misconception or misapplication of Iowa law, there could be no reversal. See and compare: Russell v. Turner, 8 Cir., 148 F.2d 562, 564; Citizens Insurance Co. of New Jersey v.

Foxbilt, Inc., 8 Cir., 226 F.2d 641, 643, 53 A.L.R.2d 1376; Homolla v. Gluck, 8 Cir., 248 F.2d 731, 733–734; Village of Brooten v. Cudahy Packing Co., 8 Cir., 291 F.2d 284, 288–289.

We are in accord with the views expressed and the conclusion reached by Judge Graven. The judgment appealed from is affirmed.