Walter SHRINER, Plaintiff,

v.

Jo S. STONG and Darrell Foss, Executors of the Estates of Mary Cophine Davidson and Ray F. Davidson, et al., Defendants.

No. 64C14.

United States District Court
N. D. Illinois.
April 28, 1964.

Redman, Shearer & Gorecki, St. Charles, Ill., for plaintiff.

T. G. Schuster, Chicago, Ill., Pryor, Riley, Jones & Walsh, Burlington, Iowa, for defendants.

CAMPBELL, Chief Judge.

This cause is presently before me on a motion by the defendants to dismiss the complaint for want of jurisdiction and on plaintiff's petition for a rule to show cause.

The facts pleaded and argued thus far before me reveal that the plaintiff is the grandson, and for that matter the only grandchild of one Walter T. Shriner, deceased. A resident of Iowa, Walter T. seems to have been both a wealthy and a frugal man. He and his wife had four children, three sons, one of whom was the father of the plaintiff, and one daughter, Mary Cophine Davidson. At the time of his death, December 16, 1955, his wife and three sons had predeceased him—partially understandable by the fact that he was then 106 years old. It appears that whatever estate Walter T. was possessed of either immediately prior to or at the time of his death passed to his daughter, Mary Cophine Davidson, who with her husband also lived in Iowa. (As to that part of his estate which he had not parted with prior to his death it is somewhat difficult for me to understand such a distribution in light of references to his having died intestate.)

Mary Cophine Davidson died on July 17, 1963. Her will left the bulk of her estate to her husband, Ray F. Davidson, who himself died two months later on September 16, 1963. Ray.F. Davidson's will, which for all practicable purposes was identical with the will of Mary Cophine Davidson, did not favor the plaintiff with any bequest. Both Davidson wills were filed for probate in the Henry County, Iowa, District Court. Plaintiff filed objections to both wills and the matters are presently pending in the Henry County Court. (Although unnecessary to a determination of the issues before me I call plaintiff's attention to Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 as it relates to the instant prayer for injunctive relief.)

Plaintiff's instant complaint generally alleges an oral family agreement whereby the last survivor—i. e. the plaintiff—was to have been left the remaining family estate. The defendants allegedly schemed and conspired successfully, according to the complaint, to deprive plaintiff of that which should have been his.

Defendant Darrell Foss, was a friend of the Davidsons and is apparently the major beneficiary in their wills. Defendant Jo S. Stong was the Davidson attorney. Albertine Foss Soenke was a friend of the Davidsons; and, Thomas S. Bell is an attorney appointed by the Probate Court in Iowa as Special Administrator of the Davidson Estates.

In what is an apparent attempt to plead diversity jurisdiction the complaint treats the citizenship of the respective parties as follows. Plaintiff "resides in Illinois". Defendants Stong and Foss, sued in their representative capacity as Executors, are "of Henry County, Iowa". Defendant Bell is also "of Henry County, Iowa". No additional reference or mention is made of the citizenship of Foss as sued in his individual capacity. Defendant Soenke "resides" in New Mexico.

The complaint is totally defective in that on its face it fails to comply with the jurisdictional pleading requirements specifically set forth in § 1332 of Title 28 U.S.C. In this regard I would call plaintiff counsel's attention to the

December 20, 1961, Notice to the Bar of this Court, a Notice extensively promulgated in the Chicago Daily Law Bulletin, the official publication of this Court. (See also Burkhardt v. Bates et al., 296 F.2d 315 (8 Cir. 1962) in relation to pleading residency in lieu of citizenship.)

The above jurisdictional shortcomings of the complaint, although vitally necessary to confer jurisdiction upon this court, are for the most part curable by an amendment where, as it appears here, true diversity does in fact exist. My usual practice in such situations is to grant the plaintiff leave to amend to properly plead jurisdiction. Parenthetically I might observe that § 1653 of Title 28 which authorizes such action must be based upon some wholly chimerical legal fiction unintelligible to me; either upon the allegations of a complaint a court has or does not have jurisdiction and if the latter is the case I fail to see how it, the court, can be deemed to have the power to give such leave to amend so as to properly plead and give itself jurisdiction. However, despite insufficient pleading still another reason exists why this court does not have jurisdiction over the instant complaint.

■■ Personal jurisdiction over the bodies of the defendants must be obtainable and obtained. None of the defendants are residents of this State and further, none were served in this State. The 1963 Amendment to Rule 4(e) of the Federal Rules of Civil Procedure (Title 28) resolved any prior uncertainties as to permissible methods of adequately obtaining service upon such nonresidents. Generally, the Rule justifies the use by federal courts of the so called "long arm" statute, if any, of the state in which the district court is held. Illinois has such a statute. Ill.Rev.Stat. Ch. 110, § 17.

As applicable here § 17 conditions its use to situations wherein the person sought to be served has, in the State of Illinois, engaged in one of the four enumerated acts spelled out in the statute. The two acts relevant to this discussion are "the transaction of any business"

or "the commission of a tortious act". The statutes application and use is further qualified by limiting its scope only to those actions which arise from the doing of the requisite act.

■ The instant complaint viewed in its best light falls far short of sufficiently pleading a § 17 situation. The alleged scheme or conspiracy purportedly occurred only in the State of Iowa. Commendably, plaintiff's attorney is cognizant of this fact and does not attempt to claim a tortious act commission in this State. He does however, in an amendment to this complaint, attempt to establish a "doing business", jurisdictional basis. This attempt falls far short of satisfying the minimal requirements of "doing business". Initially, no doubt for the most part a consequence of the obvious facts, none of the defendants are alleged to have performed any business in Illinois. Rather, it is alleged that Walter T. Shriner " * * * during his lifetime maintained an active account at the Harris Trust and Savings Bank of Chicago, doing much of his banking and stock transferring directly with said bank from his home in Iowa * * * ". He also " * * * continually did business with the brokerage house in Chicago, Illinois known as Farrwell-Chapman Co. * * * ". And as to Mary Cophine Davidson, after her father's death, she * * "continued to do business * * * " with the brokerage firm and " * * * it is believed * * * continued to use said bank for a period after her father's death."

Assuming all of the above acts had been properly pleaded as to the defendants, still I am of the opinion and I do now find that there is not or would not be a sufficient showing or pleading as would satisfy the Illinois "doing business which gives rise to the suit" requirement, much less the ever present constitutional requirement of "minimum contact". International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Orton v. Woods Oil & Gas Co., 249 F.2d 198 (7th Cir.); Rensing v. Turner, D.C. Ill., 166 F.Supp. 790; Grobark v. Addo

Machine Co. Inc., 16 Ill.2d 426, 158 N.E. 2d 73.

Accordingly, the cause is dismissed for want of jurisdiction. Plaintiff's "Petition for Rule to Show Cause" now becomes moot and need not be and is not considered.