**U-PROFIT, INC., a Wisconsin corporation, Plaintiff,**

**v.**

**BROMLEY LIMITED, Incorporated, et al., Defendants.**

**TRUCK-O-MATIC, INC., a Delaware corporation, Plaintiff,**

**v.**

**Monty FREEDMAN et al., Defendants.**

**Nos. 71-C-190, 71-C-191.**

United States District Court,
E. D. Wisconsin.

Aug. 11, 1971.

Johnson & Johnson, by Eugene N. Johnson, Waukesha, Wis., for U-Profit and Truck-O-Matic.

Foley & Lardner, Milwaukee, Wis., for Bromley & Freedman.

John R. Hieber, Chicago, Ill., for Byerly.

Whyte, Hirschboeck, Minahan, Harding & Harland, by Reginald W. Nelson, Milwaukee, Wis., for Adams.

Brown & Harding, Lubbock, Tex., Brady, Tyrrell, Cotter & Cutler, Milwaukee, Wis., by Elwin J. Zarwell, Milwaukee, Wis., of counsel, for Skillern.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The complaints in the above-entitled actions seek damages for the alleged interference with a contract between the plaintiff U-Profit, Inc., and the defendant Bromley Ltd., Inc., and for the purported infringement of a patent mark issued to the plaintiff Truck-O-Matic, Inc. Motions have been filed in both cases by four of the defendants. In addition, the plaintiffs have submitted motions which seek leave to amend the complaints

to add an additional party defendant and also ask for consolidation of the two actions.

■ Bromley Ltd., Inc., Monty Freedman, Bud Skillern, and Terry Adams have moved, pursuant to Rule 12(b) (1), Federal Rules of Civil Procedure, to dismiss the actions on the basis that the complaints "fail to allege the requisite diversity of citizenship" as to each and all of the defendants. While these defendants also advance other grounds upon which they argue that the plaintiffs' actions must fail, an examination of the complaints reveals that their contentions that diversity jurisdiction is not apparent must be sustained.

In the case numbered 71–C–190, the complaint states that the plaintiff U-Profit, Inc. "is a Wisconsin corporation with offices at 706 N. Barstow Street, Waukesha, Wisconsin." In case 71–C–191, it is averred that the plaintiff Truck-O-Matic, Inc. "is a corporation organized and existing under the laws of the State of Delaware and doing business at Walcott, Iowa." No direct allegation is made in either complaint as to the plaintiffs' principal places of business.

■ In addition, the allegations of citizenship of the corporate defendants do not negative the possibility that they are citizens of the same states as the corporate plaintiffs. See Maryland Casualty Co. v. Baker, 196 F.Supp. 234, 236 (E.D.Ky.1961). As to the remaining defendants, the complaints are devoid of any reference to the places of their citizenship. Monty Freedman and William Byerly are said to be "residents" of London, England, and Chicago, respectively; the address of C. V. Zenone is "unknown," although it is averred that he is an employee of either Bromley Ltd., Inc., or Monty Freedman; Bud Skillern simply is alleged to operate a beer distributorship in Midland, Texas; and Terry Adams, it is stated, is "of," or "lives in," Pekin, Illinois.

■ "The diversity which confers jurisdiction on a federal court is diversity of citizenship, and not diversity of residence. * * *" Burkhardt v. Bates, 296 F.2d 315 (8th Cir. 1961). Therefore, a complaint which attempts to invoke 28 U.S.C. § 1332 as a basis for jurisdiction must allege that the action is between *citizens* of different states. Chicago Stadium Corp. v. State of Indiana, 220 F.2d 797 (7th Cir. 1955).

■ Furthermore, with regard to the citizenship of corporations for diversity purposes, 28 U.S.C. § 1332(c) provides, in part:

"For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. * * *"

Thus, when a corporation has been incorporated in a state other than the one in which it has its principal place of business, it has dual citizenship for diversity purposes. 2A Moore's Federal Practice ¶ 8.10, at 1657 (1968). Both the place of incorporation and the place in which the corporation does its principal business then must be alleged.

The jurisdictional defects apparent from the face of the complaints need not, however, be fatal to the plaintiffs' actions. In my opinion, the plaintiffs should be allowed to file amended complaints, pursuant to 28 U.S.C. § 1653, to show the requisite jurisdiction. Each plaintiff is to pay costs of $200 as terms for the right to file an amended complaint with one-quarter of such payment being allocated to each of the four moving defendants: Bromley Ltd., Inc., Monty Freedman, Bud Skillern, and Terry Adams. If such amendments are made and the costs paid, and if it also appears that this court has diversity jurisdiction, the parties' remaining motions can be resolved. Unless the amended complaints are filed by August 31, 1971, and the costs paid, the present actions will be dismissed for lack of jurisdiction. See Shriner v. Stong, 229 F. Supp. 71, 73 (N.D.Ill.1964).

It is so ordered.